(75 App. Div. 26.)

### KURTZ v. WIECHMANN et al.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. WILLS—CONSTRUCTION—CONTRADICTORY PARAGRAPHS.

In one paragraph of his will, testator bequeathed all the residue of his estate to his wife "in fee simple, absolutely and forever, with full power to sell and convey, buy and discharge, any and all matters," and in the next paragraph provided that, at the wife's death, the remainder of his estate should be equally divided between the legal heirs of himself and his wife. *Held,* that the wife took a life use in the property, and not a fee.

2. PARTITION—ISSUES.

Under the provisions of the Code of Civil Procedure, questions involving the construction of a will can be determined in an action of partition between contesting claimants of the property disposed of by the will.

Appeal from special term, Monroe county.

Action by Lina Kurtz, individually and as administratrix, against Carl F. Wiechmann and others. From a judgment for certain defendants, plaintiff and certain other defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Hulett & Gibbs and Herbert J. Stull, for appellants.

Bly & Menzie, for respondents.

WILLIAMS, J. The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide event.

The action was for the partition of real estate. The appellants claim that they have interests in the property under the will of plaintiff's testator, Frederick Wiechmann. The respondents, the Kreutzers, claim they are the sole owners of the property, under the will of Frederick Wiechmann and his widow, Mary Wiechmann.

Frederick Wiechmann died September 6, 1890, leaving a will, and leaving a widow, Mary. The widow was made executrix, the will was admitted to probate, the estate was administered, and a judicial settlement had July 20, 1892; the decree showing that after paying debts, funeral expenses, and expenses of administration, and $2,000 in specific legacies, there remained $2,374.25. This fund, or some part of it, was in October, 1893, put into the real estate in question, and the widow took a deed thereof in her own name, which deed she held at her death, May 15, 1899. She left a will, under which all her interest in the property, if any, passed to the Kreutzers, the respondents. The appellants were heirs of Frederick Wiechmann.

The question involved here is whether, under the will of Frederick

Wiechmann, his widow, Mary, took the residuary of his estate absolutely, or merely a life use thereof with remainder over to the persons referred to in the will, some of whom were the appellants. If she took absolutely, then appellants have no interest in the real property in question. If she took only a life use, then appellants, apparently, have some interest therein, enabling plaintiff to maintain this action.

The will, after providing for debts, funeral expenses, and expenses of administration—First, gave Lina Kurtz, or her children, $1,000; second, gave the children of Carl Wiechmann $1,000; and now we quote:

"Third. All the residue and remainder of my estate, both real and personal, I give, devise, and bequeath to my beloved wife, Mary Wiechmann, to be hers in fee simple, absolutely and forever, with full power to sell and convey, buy and discharge, any and all matters as she sees fit. Fourth. After the death of my said wife, the remainder of my estate is to be divided in halves, one half to be divided between the legal heirs on my side, and the other half between the legal heirs of my wife's, share and share alike."

And then the wife was named as executrix, and all former wills were revoked. The will was made a few months only before death.

The question arises under the third and fourth clauses of the will. The most important principle in the construction of wills is that the intention of the testator, as expressed in the will, should control, if not inconsistent with rules of law. The will is emphatically the will of the testator, the declaration by him of what shall become of his property after his death. The property is his; he has a right to dispose of it as he desires; and it is therefore very proper that his intention, so far as it can be ascertained from the language of the will itself, should prevail. The third and fourth clauses of this will, read literally, are ambiguous and contradictory. The third clause gave the widow the residue of the property therein referred to, absolutely. The fourth clause gave such part thereof as remained, after the death of the widow, to other persons therein named. If effect is given to the fourth clause, it cuts down what would otherwise be an absolute gift in the third clause to a life use. It can have no other effect, and, unless such effect is given to it, it is entirely without meaning, and superfluous. More than this, if the gift under the third clause is to be regarded as absolute, then all the language therein following the word "forever" is meaningless and unnecessary. If the property became the widow's absolutely at her husband's death, there was no occasion to add to that gift the words, "with full power to sell and convey, buy and discharge, any and all matter as she sees fit." If the gift was of a life use of the property, those words were very appropriate, as giving her a discretion in handling the property while she had it in her custody. So far as possible, effect should be given to every part of a will; the whole will should be read and considered together. The fourth clause was as much the language of the testator as the third was. The whole of the third clause was his language, and not the first part thereof alone. It is very evident that the testator, by the two clauses together, intended to give his widow the full use of the property during her life, with the power specified in the third clause, and to give such part thereof as should remain after her death to the per-

sons referred to in the fourth clause. The person who drew the will, apparently, did not appreciate fully the meaning of the terms used in the first part of the third clause, but, taking the two clauses together, we have no difficulty in understanding what was intended to be accomplished by the will. There is no legal rule which interferes with our giving effect to this evident intention of the testator. The only rule suggested is the one relating to the cutting down of an absolute estate, given by the language of one part of a will, by the language of a subsequent part thereof. This rule, correctly stated, however, is as follows: When an absolute estate is given in one part of a will, in clear and decisive terms, such estate cannot be cut down, or limited to a life use, by a subsequent part of the will, unless the part providing for a life estate is expressed in as clear and decisive language as the part giving the absolute estate. Banser v. Banser, 156 N. Y. 429, 51 N. E. 291, and the cases therein referred to. In this case, the fourth clause expresses the intention to limit the estate of the widow to a life use, and to give the remainder to other persons, just as clearly as language can be made to do it. The rule referred to, therefore, in no way interferes with the construction given by us to the will. In this construction, we are supported by a case, in the United States supreme court, very like the one we are considering (Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322), wherein the opinion was written by Chief Justice Marshall, and we are aware of no decision to the contrary. We conclude, therefore, that the widow took only a life use of the property under the third and fourth clauses of the will, and that plaintiff took an interest therein, and in the property in question, which enabled her to maintain this action.

Under the provisions of the Code and the decisions of the court, the questions arising in this case could be determined in the action of partition. The plaintiff, under the allegations in the complaint, was a tenant in common with the respondents. They were necessary parties to the action, and therefore the issues made by the pleadings could be litigated in the action under section 1543, Code Civ. Proc. Satterlee v. Kobbe, 66 App. Div. 306, 72 N. Y. Supp. 675, and cases therein referred to.

The judgment appealed from should, therefore, be reversed, and a new trial ordered, with costs to the appellants to abide event. All concur; SPRING and HISCOCK, JJ., in result.