(60 Misc. Rep. 497.)

### In re VAN VALKENBURGH'S WILL.

(Surrogate's Court, Madison County. September, 1908.)

1. COURTS (§ 198*)—JURISDICTION—POWER OF SURROGATE.

    Under Code Civ. Proc. § 2624, providing that, if a party puts in issue before the surrogate the validity, construction, or effect of any disposition of personal property in a will, the surrogate must determine the question, the surrogate has no jurisdiction to pass upon any devise of real property, but only of a disposition of personal property.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 198.*]

2. WILLS (§ 821*)—CONSTRUCTION—ANNUITY—OUT OF WHAT FUNDS PAYABLE.

    An annuity for life given to testator's sister payable out of his estate, and not confined to the income thereof, may be paid out of the corpus of the estate as well as the income.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 2117; Dec. Dig. § 821.*]

3. WILLS (§ 614*)—CONSTRUCTION—ESTATE CREATED—LIFE ESTATE.

    A gift to testator's wife of the residue of his estate for life, she to have the use and enjoyment thereof, and to receive the rents and profits for her sole benefit, creates only a life estate.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1393–1417; Dec. Dig. § 614.*]

Petition under Code Civ. Proc. § 2624, for a decree construing the will of Abram T. Van Valkenburgh, deceased. Will construed.

George B. Russell, for Emma P. Van Valkenburgh, petitioner, executrix, and legatee.

Sholes & Norton, for James E. Gerow, executor and legatee, and Mary C. Gerow, Frederick W. Gerow, and Edwin V. Gerow, legatees.

KILEY, S. The above-named testator died at Canastota, N. Y., March 20, 1908. He left a last will and testament, dated September 28, 1906. He left him surviving a widow, the petitioner here; he left no children or grandchildren. Petition for the probate of said will was filed with this court April 4, 1908. On April 18, 1908, and before the probate of said will, the petitioner filed a petition asking for a decree construing said will, as provided in section 2624 of the Code of Civil Procedure.

The portions of said will involved in the application for construction read as follows:

"First. After the payment of all my just debts, funeral expenses, and the expense of administering my estate, I give and bequeath unto my wife, Emma P. Van Valkenburgh, of Canastota, N. Y., all of my household furniture, to be her sole and separate property, absolutely, forever.

"Second. I give and bequeath unto my nephews, Frederick Gerow and Edwin Gerow, all of my guns and rifles and all appliances and appurtenances thereto belonging, to be divided between them as they may determine.

"Third. I give and bequeath unto my friend Edwin Brown, of the firm of H. C. Brown's Sons, of Canastota, N. Y., my watch and chain.

"Fourth. I give and bequeath unto my friend Thomas Hollinger, of Canastota, N. Y., my Knight Templar Charm.

"Fifth. I give, devise and bequeath unto my sister, Mary C. Gerow, of Utica, N. Y., for and during the term of her natural life, one annuity, or clear yearly rent or sum, of One Hundred Twenty Dollars ($120.00), free from all taxes and other deductions, to be issued and payable out of my estate, in equal half yearly payments of Sixty Dollars ($60.00) each, on the first day of January and the first day of July, in each and every year as aforesaid. And in case my said wife should die before the decease of my said sister, whereby my estate would become vested in my said sister, as hereinafter provided in the 'Sixth' clause of this Will, then and in that event it is my will and intent that such annuity to my said sister shall cease and terminate immediately upon the death of my said wife. And in case my said sister shall die prior to the death of my said wife, leaving her surviving her husband, James E. Gerow, of Utica, N. Y., I hereby will and direct that such annuity in the sum of One Hundred Twenty Dollars ($120) be paid to the said James E. Gerow for and during the term of his natural life, the same to be paid in half yearly payments of Sixty Dollars ($60) each, on the First day of January and the first day of July, in each and every year, in the same manner in all respects as hereinbefore given to my said sister. It being my will and intent that such annuity be paid to said James E. Gerow only in the event of my said sister, Mary C. Gerow, dying before the decease of my said wife, Emma P. Van Valkenburgh, and leaving her surviving her said husband, James E. Gerow, and in no other event.

"Sixth. I give, devise and bequeath all the rest, residue and remainder of my estate, both personal and real, of every name and nature whatsoever, unto my said wife, Emma P. Van Valkenburgh, of Canastota, N. Y., to be used and enjoyed by her for and during the term of her natural life, or so long as she remains my widow unremarried; my said wife to have the use and enjoyment of all such residue of my estate and to have and receive the rents, issues and profits thereof, to her own sole use and benefit, (subject, however, to the payment of said annuity mentioned in the 'Fifth' clause of this Will) for and during the term of her natural life, or so long as she remains my widow unremarried; and from and immediately after the death of my said wife, Emma P. Van Valkenburgh, or from and immediately after her remarriage (in case she remarries after my death) I give, devise and bequeath all of such residue and remainder of my estate, both personal and real, unto my said sister, Mary C. Gerow, her heirs and assigns, absolutely, forever.

"Seventh. It is my will and intent that the foregoing devises and bequests to my said wife shall be accepted by her in lieu of her right of dower in and

to all the real estate of which I die seized, and in lieu of all her statutory rights and exemptions in and to my personal estate.

"Eighth. I hereby authorize and empower my Executors and Trustees, hereinafter named, to bargain, sell, grant and convey by good and sufficient deed or deeds of conveyance, any part or parts, or all, of the real property of which I die seized, at such times and at such prices and upon such terms as in their judgment may be considered for the best interest of my estate; and in case my said Executors and Trustees should sell and convey any of my said real property, I will and direct that they safely invest the proceeds of such sale or sales, and use and apply the income therefrom for the purpose of carrying out the provisions of this will."

The petition filed for probate of said will alleges that the estate of the testator consists of $1,200, value of real estate, and $15,000, value of personal property.

The testamentary capacity of the testator is not questioned, and the instrument, having been executed in due form as required by statute, is entitled to be admitted to probate as a will valid to pass real and personal property.

The prayer of the petition contemplates a construction of the will so far as it relates to and affects both real and personal estate. It is contended by the contesting parties to this proceeding, which include interested parties except the widow, that the surrogate has no jurisdiction to pass upon any devise of real estate contained in a will, under the provisions of section 2624. That section reads as follows:

"But if a party expressly puts in issue, before the surrogate, the validity, construction, or effect of any disposition of personal property, contained in a will of a resident of the state, executed within the state, the surrogate must determine the question upon rendering a decree; unless the decree refuses to admit the will to probate, by reason of a failure to prove any of the matters specified in the last section."

It will be seen by the provisions of the foregoing section that the issues to be considered are confined to "the validity, construction, or effect of any disposition of personal property." The issue, when presented upon an application for probate of a will, differs materially from a similar issue presented upon a final judicial settlement of the accounts of an executor. In the latter case the court deals with the proceeds of the sale of real estate after the estate has been administered. In the present proceedings no authority is conferred to pass upon the effect of the testamentary disposition of the real estate. Matter of Vowers, 113 N. Y. 569, 21 N. E. 690; Matter of Walker, 136 N. Y. 20, 32 N. E. 633; Matter of Merriam, 136 N. Y. 58, 32 N. E. 621; Matter of Trotter, 182 N. Y. 465, 75 N. E. 305.

Other questions raised and put in issue, for example, as to what part of the estate should bear the burden of repairing the premises upon the real estate, do not require passing upon at this time, and no decision is made thereon; consideration of the questions is deferred until the matter properly comes before the court in the course of, or at the termination of, administration of the estate. Matter of Mount, 185 N. Y. 162, 77 N. E. 999.

The only questions that I can find in the will, that I am called upon to determine under the provisions of that section of the Code, are found in paragraphs 5 and 6 of the will. Those questions, simply

stated, are, does the will give the widow the right to use the corpus of the estate, as well as the income, to pay the annuity of $120 to testator's sister, and for her support and maintenance, or is she restricted to the income from the estate? To determine those questions the surrogate is confined to the will itself, and to the papers filed for probate, which have become records in this proceeding. Matter of Keleman, 126 N. Y. 73, 26 N. E. 968.

The first question is under clause 5 of the will. By that clause testator makes $120 annually, payable to his sister or her husband, a charge against his estate. He does not confine it to the income, but creates an obligation which must be met, if there is any estate to meet it, during the life or widowhood of Mrs. Van Valkenburgh. The estate is small, and I am not impressed with the position of the contestants, in effect, that the testator placed upon his widow the drudgery of making his estate earn that amount of income and pay it over to his sister, even if she should have nothing left for her own support and maintenance; and I hold she may pay that annuity out of the corpus of the estate.

The next and last question that can receive consideration under this proceeding, is, does the widow take under the will anything more than a life estate, confined to the income; or does she take an estate a little more than a life estate, and just less than a fee or absolute title; or does she take an absolute fee, which gives her the undisputed right of disposition, or, in the words of the statute, an absolute power of disposition? The widow's interest is created by clause 6 of the will above set forth in full. Putting the language of that clause in the strongest language it will admit, so far as it affects the widow, it would read as follows:

"I give, devise and bequeath to my wife all the rest, residue and remainder of my estate to be used and enjoyed by her during her natural life, or until she remarries, she to have the use and enjoyment of the same and to receive the rents, issues and profits thereof to her sole use and benefit."

Does this create anything more than a life estate, namely, the sole use of the income? While, under the circumstances of this estate, the small amount making up the corpus, the interest the widow would have received had her husband died intestate, and the tendency of courts to see that the widow is favored where it can be done under any fair construction of a testamentary disposition, I feel that this petitioner should receive a greater portion than a mere life estate affords; but the law must prevail. The appellate courts have passed upon similar questions, and adversely to the contention of the petitioner.

In Matter of McDougall, 141 N. Y. 21, 35 N. E. 961, the provision of the will under consideration reads as follows:

"Third, all the rest, residue and remainder of my estate, both real and personal, I give and bequeath and devise unto my well-beloved wife, Cornelia Spooner, to be used and enjoyed by her during the term of her natural life, or as long as she shall remain my widow, and at her death or marriage then the same to be equally divided between my said mother, Sarah A. Spooner, and my said brother, John C. Spooner, share and share alike, and to their heirs and assigns forever, the above to be received and accepted by said wife in lieu of dower."

It will be noted that the language is very similar to that used in this will. The court, at page 26 of 141 N. Y., and page 963 of 35 N. E., of the opinion, says:

"The expression ('to be used and enjoyed by her') gave her no enlarged interest in such legacy beyond what she would have received if such expression had been omitted."

The language used in this will, at the close of the sixth clause, to wit, "I give, devise and bequeath all of such residue and remainder of my estate both real and personal," etc., points to a life estate, as will be seen by an examination of Matter of Skinner, 81 App. Div. 449, 80 N. Y. Supp. 1067, affirmed 180 N. Y. 515, 72 N. E. 1151. The court holds that the clause in the will, "All the rest and residue thereof then remaining," did not enlarge the widow's interest. Kurtz v. Wiechmann, 75 App. Div. 26, 77 N. Y. Supp. 964; Owens v. Owens, 64 App. Div. 212, 71 N. Y. Supp. 1108. In the last-cited case the court considers the effect of the phrase, "The rest, residue and remainder if any there be," and holds it does not authorize the life tenant to use the corpus of the estate. Weed v. Aldrich, 2 Hun, 531. In the above case the same contention was made as is made here. In that will there was a clause empowering sale of real estate. The court held that the widow only took a life estate. In view of these several decisions and many others which I do not consider it necessary to cite, I am forced to the conclusion that the widow only takes a life estate.

A decree admitting the will to probate, and providing for the payment of the $120 annuity out of the corpus of the estate, and for the use and income to the widow under the terms of the will, may be prepared and submitted to me for my signature.

Counsel for the petitioner is allowed $50 and his disbursements in this proceeding so far as it calls for a construction of the will. Counsel for contestants are allowed $50 for their services. Both allowances to be paid out of the corpus of the estate.

Decreed accordingly.