(77 Misc. Rep. 41.)

### In re RANDALL'S WILL.

(Surrogate's Court, Cayuga County.    May, 1912.)

1. WILLS (§ 471*)—CONSTRUCTION—CONFLICTING CLAUSES.

   Where there are inconsistencies in a will, the court must, if possible, so construe it as to give effect to every provision; but, where two clauses or parts are so irreconcilable that they cannot possibly stand together, the later clause will prevail.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 989; Dec. Dig. § 471.*]

2. WILLS (§ 732*)—CONSTRUCTION—CONFLICTING CLAUSES.

   Where a will left to testator's wife all his personal estate and the life use of his real estate, with remainder to nephews and nieces, the personal estate must satisfy legacies by subsequent clauses of the will.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1732–1737, 1801–1818; Dec. Dig. § 732.*]

Proceeding for probate of the will of George Randall, deceased. Probate decreed.

C. G. Blaine, of Lyons, for proponent.
Arthur E. Blauvelt, of Auburn, for certain legatees.

WOODIN, S.   The construction and effect of the last will and testament of George Randall, deceased, which has been filed for probate, has been put in issue, and the surrogate is asked to determine the question, pursuant to the provisions of section 2624 of the Code of Civil Procedure.

The decedent was 64 years of age at the time of his death, which occurred in June, 1911.   The will is dated June 12, 1905, and was drawn by an attorney, who superintended its execution and is one of the subscribing witnesses.   The decedent was survived by his widow, Frances Randall, one son, George Randall, also several brothers and sisters, who are named as legatees in the will.   The widow was the decedent's second wife, and the will was executed soon after their marriage.   The material portion of the will reads as follows:

"Second. I give and bequeath to my wife Frances Randall, all of my personal property to have and to hold forever.

"Third. I give, devise and bequeath to my wife, Frances Randall, all my real estate to have and to hold for and during her natural life and at her death to go to the children of William Randall, Thomas Randall, Jane Purser and Sarah Warne.

"Fourth. I give, devise and bequeath to William Randall and Thomas Randall the sum of one thousand dollars each.

"Fifth. I give, devise and bequeath to my two sisters, Jane Purser and Sarah Warne, to each the sum of one thousand dollars.

"Sixth. I give and bequeath to George Randall the sum of twenty-five dollars."

It will be noted that by the second and third clauses the testator apparently disposes of his entire estate; the second clause giving the wife all the personal estate, and the third clause giving her the life use of the real estate, with the remainder over to the children of his brothers and sisters.   Then follow the three clauses disposing of $4,-

025 in legacies to his brothers and sisters and son. This creates an apparent inconsistency, and full force and effect cannot be given literally to all the provisions of the will.

The widow asserts that under the second and third clauses she is entitled absolutely to all the personal estate and the life use of the real estate, and that the legacies given in the later clauses are either void or should be paid out of the real estate after her death and urges the application of the rule that, whenever a will begins with an absolute gift, in order to cut it down, the latter part of the will must show as clear an intention in that direction as the prior part does to make it. This is controverted by the legatees, who maintain that their several legacies are first payable out of the personal estate; the widow taking the balance. The decedent left an estate of the estimated value of $13,000, of which $7,500 is personal and $6,000 real estate.

[1] The underlying principle in the construction of a will is that the intention of the testator, as expressed in the will, shall control, if not inconsistent with rules of law; and all other rules are subservient to this. In reading this will, it cannot be urged seriously that the testator did not intend to give his brothers and sisters $1,000 each and his son $25; and in making these bequests it would be doing him an injustice to assume that he was aware or understood that he had already effectually disposed of all his property. The construction of the will which would nullify three clauses is to be avoided, if possible to do so. Where there are inconsistencies in a will, it is the duty of the court, if possible, to so construe the will as to give effect to every provision; but the rule seems to be clear that, where two clauses or parts are so irreconcilable that they cannot possibly stand together, the later clause will prevail as indicating the subsequent intention. Van Nostrand v. Moore, 52 N. Y. 12; Kurtz v. Weichman, 75 App. Div. 26, 77 N. Y. Supp. 964.

[2] Although the will may begin with a bequest of all the personal estate to the widow, yet that bequest may be qualified by subsequent provisions. The bequest to her of the personal estate is in general terms. The bequests in clauses 4, 5, and 6 are in distinct terms, specifying definite amounts. The personal estate is the primary fund out of which the debts, funeral expenses, and general legacies are payable, unless a contrary intent is to be gathered from the will.

It seems to me that a fair and reasonable interpretation of the will is that the second clause should be taken to mean a gift to the wife of all the personal estate, subject, however, to the payment of the debts and the general legacies. This construction still leaves a liberal provision for the widow, namely, upwards of $3,500 of personal property and the life use of the farm. I believe it also appears that she has a farm of her own in Seneca county, on which she and the decedent resided part of the time. This construction gives some effect to all parts of the will, and is in harmony with the rule stated in Van Nostrand v. Moore, supra.

A decree of probate may be entered, construing the will accordingly.

Probate decreed.