(89 Misc. Rep. 63)

## In re LYNCH et al.

### (Surrogate's Court, Kings County.   January, 1915.)

WILLS ☞497—CONSTRUCTION—BEQUESTS—PROCEEDS OF SALE.

The third paragraph of a will gave a life estate in a house and grounds, and provided that, on an event which has since happened, such property should become a part of the residuary estate.   The sixth pargraph pro- vided that in case of the remarriage or death of testator's wife, or aban- donment of the premises by her as a residence, the executors and trus- tees should sell same and divide the proceeds equally among testator's then surviving children.   The residue of the estate was given to testator's five children absolutely.   After testator's death two of. such children died, each leaving four children as their only heirs, respectively.   The trus- tees sold the house and grounds as authorized.   *Held* that, either as grand- children, embraced within the word "children," in the sixth paragraph, or as heirs of a parent dying seised of one-fifth part of the premises, the children of the deceased children of testator, respectively, were entitled to one-fifth of the proceeds of the sale.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1080–1086; Dec. Dig. ☞497.]

Proceeding on the petition of Annie E. Lynch and Nellie Farrell for judicial settlement of their account as trustees of Martin Byrne, de- ceased.   Decreed according to opinion.

Henry E. Heistad, of Brooklyn, for Nellie Farrell, one of account- ing trustees.

Wm. Seward Shanahan, of Brooklyn, for Rose Cramer, objector.

Rudd, Wood & Molloy, of New York City, for children of Mary Cloonan, deceased.

KETCHAM, S.   Upon the sale of premises, pursuant to a power contained in the will under which this account is made, the question arises as to whether the children of a deceased son and daughter of the testator are entitled to the share which their parent would have taken, if living.

In the third paragraph of the will there is a gift of a certain dwell- ing house and grounds to the wife for life, but determinable upon an event which has occurred; and the paragraph provides that upon the happening of the event "the said house and grounds shall revert to and become a part of my residuary estate."   Later provisions of the same will are as follows:

"Sixth. In case of the remarriage or the death of my said wife or in case she should abandon the borough of Brooklyn aforesaid as her place of resi- dence, I authorize and direct my trustees aforesaid to sell for cash only the premises of which I have, in the third item of this will, given her the use and occupation, and divide the proceeds of such sale equally among my then surviving children.

"Seventh. All the rest, residue and remainder of my estate, real and per- sonal, I give, devise and bequeath to my children, Daniel J. Byrne, Annie E. Lynch, wife of John Lynch, Mary Cloonan, wife of William Cloonan, Nelly Farrell, wife of John Farrell, and Rose Cramer, wife of John Cramer, share and share alike, to have to hold the same to them, their heirs and assigns forever."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The trustees have sold the house and grounds, pursuant to the power contained in the sixth paragraph of the will, and are now accounting for the proceeds. Since the death of the testator, his children, Daniel J. Bryne and Mary Cloonan, named in the seventh paragraph, have died, each leaving four children surviving, their only heirs at law, respectively.

It is claimed in behalf of the children of the testator's son and daughter, deceased, that they are entitled to such part of the proceeds of the sale as their parent would have taken, if living. Against this it is insisted that the word "children," in the sixth paragraph, cannot mean "grandchildren," and that the direction for the division of the proceeds of a sale to be made under the power contained in that paragraph requires a division from which the children of the deceased children of the testator shall be excluded. If this view be accepted, there results an irreconcilable repugnancy between the sixth and seventh paragraphs. Both cannot prevail, and the rare case will arise in which the earlier paragraph must be sacrificed, so far as its provisions are clearly inconsistent with later provisions in the will. Van Nostrand v. Moore, 52 N. Y. 12; Kurtz v. Wiechmann, 75 App. Div. 26, 77 N. Y. Supp. 964; Matter of Randall, 77 Misc. Rep. 41, 137 N. Y. Supp. 319.

The unquestioned effect of the devise in the seventh paragraph is that each devisee therein named took an estate in the premises mentioned in the sixth paragraph which vested upon the death of the testator. If the proceeds should be given only to children, then the vested estate of which the deceased children of the testator died seised would be defeated. If the estate so given to the children of the testator who died shall be assured, then the division among the children of the testator will become impossible. Hence, if the text of the sixth paragraph, standing alone, limits the division to children of the testator's body, it must be disregarded, and the devise in the following paragraph must be given its full meaning.

If the word "children," in the sixth paragraph, may be construed to include grandchildren whose parent has died since the testator's death, then the grandchildren would take per stirpes the share their parent would have taken if living (Matter of Farmers' Loan & Trust Co., 213 N. Y. 168, 107 N. E. 340), and the same result will be reached. Where either one of two processes inevitably comes to the same end, it is not profitable to make choice between them. Either as grandchildren, embraced within the word "children" in the sixth paragraph, or as the heirs of a parent who died seised of a one-fifth part of the premises in question, the children of the deceased son and of the deceased daughter, respectively, are entitled to one-fifth of the proceeds of the sale.

Decreed accordingly.