### In re BEARSE.

### In re FULTON'S WILL.

#### (No. 146/9.)

(Supreme Court, Appellate Division, Fourth Department. April 28, 1915.)

1. WILLS ⬤⟞601—CONSTRUCTION—INTEREST DEVISED.
    By the first clause a testatrix gave and bequeathed to her daughter all her property. The second clause of the will declared that, should the daughter die without issue, the estate should go to the children of the brothers of testatrix. *Held*, that the daughter did not take an absolute fee, it being the testatrix's obvious intention that, in case the daughter died without issue, devolution of the property should be governed by the second clause; hence such property as was retained by the daughter at the time of her death without issue passed to the remaindermen.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1340–1350, 1608; Dec. Dig. ⬤⟞601.]

2. EXECUTORS AND ADMINISTRATORS ⬤⟞460—ACCOUNTING—RIGHT TO COMPEL.
    One having a contingent interest in an estate is entitled to compel an executrix to account.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1975–1985; Dec. Dig. ⬤⟞460.]

3. EXECUTORS AND ADMINISTRATORS ⬤⟞510—ACCOUNTING—REVIEW—QUESTIONS PRESENTED FOR DECISION.
    On appeal from an order denying a petition to compel an executrix to account, the only question for decision is whether the petitioner had an interest in the estate; hence it is unnecessary for the court to determine the exact nature of the interest.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2235–2256; Dec. Dig. ⬤⟞510.]

Appeal from Surrogate's Court, Onondaga County.

In the matter of the petition of Aaron Bearse to compel a judicial settlement of the accounts of Jennie E. Brown, as executrix of the last will of Izabenda Fulton, deceased. From a decree of the Sur-

---

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rogate's Court denying the application, the petitioner appeals. Reversed and remanded.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

A. Lee Olmsted and Olmsted, Van Bergen & Searl, all of Syracuse, for appellant.

William H. Harding and Goodelle & Harding, all of Syracuse, for respondent.

MERRELL, J. The petitioner claims to be a person interested in the estate of Izabenda Fulton, late of the county of Onondaga, deceased, and as such has instituted a proceeding to obtain a judicial accounting by the executrix of the will of said decedent. The executrix contends, and the surrogate of Onondaga county, in the order appealed from, has decided, that the petitioner is not a person interested in said estate entitled to require such accounting, and the petition therefore has been dismissed. The controversy involves the construction of the will of said decedent.

Izabenda Fulton died in the county of Onondaga, where she then resided, in the year 1875, leaving a daughter, Jennie E. Brown, as her sole heir at law and next of kin, her surviving, and leaving a last will and testament, executed by said decedent on the 27th day of December, 1871. Subsequent to the death of decedent, and on the 12th day of July, 1875, said will was duly admitted to probate in Surrogate's Court of said county of Onondaga, and letters testamentary thereon, on said last-mentioned date, duly issued out of and under the seal of the said Surrogate's Court to the said Jennie E. Brown, sole executrix in said will named. Said executrix duly qualified as such, and entered upon and ever since has acted, and is still acting, as executrix of said will, and said letters testamentary still remain in full force and effect.

[1] After the usual preliminary and formal recitals, the instrument provides:

"First. I give and bequeath to my daughter, Jennie E. Brown, all of my estate, both real and personal, of every kind and description, whatsoever.

"Second. In case the said Jennie E. Brown shall die without issue then and in that case I give and bequeath all of the estate received by her by virtue of this instrument and held by her at the time of her decease to the children of my brothers, Ward Bearse, and Aaron Bearse, and to James M. Bearse, who is the son of my deceased brother, David Bearse, share and share alike."

By the third and last clause of the will the said Jennie E. Brown is named as sole executrix.

It is the contention of the petitioner that the first clause of said will, which would seem in and of itself to give and bequeath unto the daughter, Jennie, all of the property of the testatrix, was limited by the second clause, and that, reading the two clauses together, the daughter was not given an estate in fee simple absolute in the real property of which decedent died possessed. It is the claim of the petitioner that such part of decedent's property as might remain and be held by said daughter at the latter's decease, in case she should

leave no issue her surviving, should pass to the persons named in the second clause of said will.

On the other hand, the daughter claims that the testatrix, having by the first clause of the will bestowed upon her all of her estate, both real and personal, and of every kind and description whatsoever, without limitation therein expressed, the second paragraph of the will was repugnant thereto, and that her estate cannot thereby be taken away.

The petitioner is a son of Ward Bearse, a brother of testatrix, and one of the persons specified in the second clause of the will. Therefore, if petitioner is correct in the interpretation he seeks to put upon said will, he is an interested party and entitled to obtain an accounting by said executrix, pursuant to the provisions of the Code of Civil Procedure. No accounting has ever been had by said executrix since letters were issued to her. She is now over 60 years of age and is without issue.

What, then, was the intention of the testatrix as to the disposition of her property and estate by the two clauses of her will above quoted? By the first clause it will be noted the testatrix gives and bequeaths to her said daughter all of her estate, both real and personal, of every kind and description whatsoever. The usual words of inheritance, where an intention exists to convey an absolute estate, are wanting. Still, in· and of itself, it must be conceded that the first clause, taken alone, would be sufficient to bestow upon the daughter all of the estate and property of the testatrix. By the second clause it is provided that,.in case the daughter shall die without issue, then all of the estate received by her under the will and held by her at the time ·of her decease, is given and bequeathed to the children of Ward Bearse and Aaron Bearse, brothers of testatrix, and to James M. Bearse, a son of a deceased brother, share and share alike. It seems entirely clear to me that it was the intention of the testatrix by the second clause of the will to limit the estate which she gave to her daughter in the first clause; that is, she intended, not that her daughter should take an unconditional estate in the property, but that such part thereof as might remain after the daughter's death without leaving issue and be then held by her, should pass to the nephews or nieces specified in the second paragraph.

A great many cases are cited by counsel in their respective briefs as authority for the positions taken for and against the petitioner herein. Canons of interpretation are invoked to discover, if possible, the intention of the testatrix in the use of the language of her will. Indeed, the courts have laid down certain canons of ·construction to be applied in cases where the language used in a will is ambiguous and the intention of the testator hidden or uncertain. The real test in the construction of a will is to determine, if possible, what in fact was the intention of the testator. It has been often remarked that no will has a brother, and it is undoubtedly true that reliance must chiefly be had upon the provisions of the instrument under consideration in order to discover the intention of the testator, rather than through the application of rules of construction.

The respondent cites the old common-law case of Jackson v. Bull, 10 Johns. 19, and a number of other kindred cases, holding that, in cases where a will in one clause grants an estate in clear and decisive terms, such estate cannot be taken away or cut down by any subsequent words that are not as clear or decisive as the words creating the estate, and that any subsequent paragraph of the will tending in any manner to cut down such provisions is repugnant to the first provision and void. This undoubtedly was the law prior to the Revised Statutes, and to some extent and in some cases is still applicable. Since the enactment of the Revised Statutes the trend of authority seems to be against any construction destroying a clause in a will which limits or cuts down a prior absolute gift. The most that can be said of the authorities cited by the respondent is that an absolute estate given in one part of a will in clear and decisive terms cannot be cut down or limited by a subsequent part of the will, unless the subsequent part is expressed in equally as clear and decisive language as the part giving the absolute estate. The difficulty with the application of such authorities cited by the respondent to the will in question is that the terms of the second clause seem to be no less clear than those of the first. While the first clause gives to the daughter all of the property of testatrix, the second clause immediately thereafter limits such gift by a provision that, if the daughter—

"shall die without issue, then and in that case I give and bequeath all of the estate received by her by virtue of this instrument and held by her at the time of her decease to the children of my brothers, Ward Bearse and Aaron Bearse, and to James M. Bearse, who is a son of my deceased brother, David Bearse, share and share alike."

Can there be any question that by these two provisions, read together, it was the intention of the testatrix to turn over to her daughter, Jennie, all of her estate, and that the same should vest in such daughter, subject to being divested as to such part thereof as the daughter might hold at the time of her decease without issue? What possible object could the testatrix have had, if it was her *intention* to give to the daughter an absolute estate in all of her property, to have included the second clause of her will? Indeed, if it was the intention of the testatrix that her daughter should take all of her estate, said daughter being her sole heir at law and next of kin, was it necessary for the testatrix to make a will at all? The statutes of the state would fully carry out such intention, unassisted by any testamentary act. The provisions of the second clause certainly had some force, or they would not have been included in the will. The law is elementary that it is the duty of courts, in construing wills, to include all parts of the will, and to construe the same in relation to each other, and so far as possible to form one consistent whole. It was the evident intention of the testatrix to provide amply for her daughter, but if, upon the daughter's death without issue, she should still hold some part of the estate given her by said will, that such part of the estate should go to the relatives and next of kin of the testatrix rather than to members of her husband's family; in other words, that the property which she had accumulated should go to her own blood relatives. If, in interpreting this

will, we eliminate the word "Second," following the first clause, and read the second clause as a part of the first, the intention of the testatrix is manifest. I cannot but believe that the testatrix intended that such disposition should be made of her property as the reading of the two clauses together would provide. It is a well-known principle of construction that every expression in a will should, if possible, be given some effect, and that a clause of a will is never rejected, except as it may be necessary to uphold another clause entirely irreconcilable thereto.

The case of Leggett v. Firth, 53 Hun, 152, 6 N. Y. Supp. 158, affirmed in Court of Appeals 132 N. Y. 7, 29 N. E. 950, construes a will similar to that under consideration here. By the provisions of that will the testator gave, devised, and bequeathed to his wife "all the rest and residue of my estate, but on her decease, the remainder, if any, I give and devise to my children * * * in equal shares." The court held that the wife took a fee in the premises in question in that action, subject to the condition that the power of disposition should be exercised during her lifetime, and that under said will a valid and expectant estate passed to the children of the testator, liable only to be defeated by the exercise of the power of disposition given the wife during her lifetime.

In Terry v. Wiggins, 47 N. Y. 512, testator, by his will, gave his wife certain real estate for her sole and absolute use and disposition, and also all his other property and effects for her own personal and independent use and maintenance, with full power to sell and dispose of the same if she should require it or deem it expedient so to do. After the wife's death, the executors were authorized to invest whatever residue there might remain of testator's property for the benefit of a certain religious society. Testator died in 1862, and his wife six years later. She never disposed of any of the real estate, and her heirs brought action in ejectment to recover possession of the lands. The court held that the widow had a life estate only in the property, with a conditional power of disposal during her lifetime, and that the limitation over was not repugnant to the devise and was valid.

The case of Kurtz v. Wiechmann, 75 App. Div. 26, 77 N. Y. Supp. 964, considers the effect of a subsequent clause in a will destroying the plain provisions of a previous clause. In that case the testator devised his estate to his wife in fee simple absolute and with full power to sell and convey. The will also provided that:

"After the death of my said wife, the remainder of my estate is to be divided in halves, one half to be divided among the legal heirs on my side, and the other half between the legal heirs of my wife."

The court held that the testator's wife did not take an estate in fee simple absolute, but only a life interest therein, with the powers specified in the will. Judge Williams, writing in the case, said:

"The person who drew the will apparently did not appreciate fully the meaning of the terms used in the first part of the third clause, but taking the two clauses together we have no difficulty in understanding what was intended to be accomplished by the will. There is no legal rule which interferes with our giving effect to this evident intention of the testator. The only rule suggested is the one relating to the cutting down of an absolute estate

given by language of one part of a will by the language of a subsequent part thereof. This rule is as follows: 'When an absolute estate is given in one part of a will in clear and decisive terms, such estate cannot be cut down or limited to a life estate by a subsequent part of the will, unless the part providing for the life estate is expressed in as clear and decisive language as the part giving the absolute estate.' In this case the fourth clause expresses the intention to limit the estate of the widow to a life use and give the remainder to other persons just as clearly as language can be made to do it. The rule referred to, therefore, in no way interferes with the construction given us as to the will."

It seems to me that the same observations can well be made of the two provisions of the will of Izabenda Fulton now under consideration. While she does state in the first clause that she gives and bequeaths to her daughter, Jennie, all of her estate, both real and personal, of every kind and description whatsoever, by the second clause, in no less positive, clear, and unambiguous terms, she provides that as to such part of her said property which the daughter shall receive under that will, and which she may hold at her decease without issue, shall pass to and become the property of the persons mentioned in said second clause. To the same effect are the following cases: Matter of McClure, 136 N. Y. 238, 32 N. E. 758; Mee v. Gordon, 187 N. Y. 400, 80 N. E. 353, 116 Am. St. Rep. 613, 10 Ann. Cas. 172; Matter of Griffin, 75 Misc. Rep. 441, 135 N. Y. Supp. 518; Avery v. Everett, 110 N. Y. 317, 18 N. E. 148, 1 L. R. A. 264, 6 Am. St. Rep. 368; Vanderzee v. Slingerland, 103 N. Y. 47, 8 N. E. 247, 57 Am. Rep. 701.

[2, 3] It perhaps is unfortunate that the question as to the interpretation of said will arises in the manner that it does in this proceeding, as nobody would probably be bound by the determination, save the executrix and the petitioner. It is not necessary for us to hold, it seems to me, just what estate the daughter took in the property of the testatrix, whether it was merely a life estate with a remainder over to the children of the brothers of testatrix, or whether it is within the power of the daughter to dispose of all of the estate which she received under the will prior to her decease, and thus cut off the petitioner and others of his class. All that is necessary for us to determine, it seems to me, is as to whether or not, under the terms of the will, the petitioner has some contingent interest in the property of the testatrix. I am convinced that he has such a contingent interest. Whether such interest may be cut off by act of the daughter is not here important. The fact remains in my judgment that under the terms of the will the petitioner has a contingent interest in the property of testatrix. If so he is entitled to an accounting.

I am of the opinion that the estate of the testatrix under her will vested in Jennie E. Brown, subject to being divested as to such portion thereof as might remain at the death of said daughter without leaving issue, said remainder, if any, under the terms of said will, passing to the children of the brothers of testatrix named in the second clause of her will, and that the petitioner is a person interested in the estate of said decedent, and entitled to the accounting demanded.

The decree of the surrogate should be reversed, and matter be remitted to Surrogate's Court, to proceed upon the petition filed. All concur.

Decree reversed, without costs, and matter remitted to the surrogate, to proceed upon the petition filed with him.