Matter of the Judicial Settlement of the Account of GEORGE C. BUECHNER, as Trustee under the Last Will and Testament of CHARLES F. GRIFFITH, Deceased.

(Surrogate's Court, Kings County, November, 1918.)

Trusts—construction of—direction as to division of estate so held in trust—when trust estate was a vested and not a contingent gift—accounting by trustee.

> Upon the death of a brother of testator, to whom he devised one-half of his residuary estate for life, the trustee was directed to divide the estate so held in trust, into as many shares as there should be children of said brother living. One of each of said shares was devised and bequeathed to each of said children absolutely, and upon the judicial settlement of the account of the trustee it appeared that the brother and three of his children survived the testator. One of said children died and then his father. *Held,* that the trust estate was a vested and not a contingent gift and should be divided among the nephews of testator and the representative of their deceased brother.

PROCEEDING upon the judicial settlement of the account of a trustee.

George C. Buechner, in person.

William A. Wheeler (Ingraham, Sheehan & Moran, of counsel), for legatees, William H. Griffith, Jr., and Charles W. Griffith.

John L. Sheppard, for administratrix, Mary Sue Griffith.

Surrogate's Court, Kings County, November, 1918. [Vol. 105.

KETCHAM, S. The will under which this accounting is made, in the 4th paragraph thereof, devises one-half of the residue to the testator's brother, William H. Griffith, during his life, and then provides as follows:

" Upon the death of my said brother William H. Griffith I direct my trustee to divide the said estate so held in trust into as many shares as there shall be children of my said brother William H. Griffith living, and I give, devise and bequeath one of each of the said shares unto each of the children of my said brother William H. Griffith, absolutely and forever."

At the time of the death of the testator there was left his brother William H. Griffith, and three children of the said William H. Griffith. One of these children died after the death of the testator, and his administratrix is a party to this proceeding. William H. Griffith died thereafter. The resultant question is stated in one of the briefs submitted, as follows:

"Are the two children of William H. Griffith, the life beneficiary, who were living at the time of his death, to wit: William H. Griffith, Jr., and Clarence W. Griffith, entitled to the whole residue of the trust estate or should the trust estate be distributed equally between them and the estate of their deceased brother Luther L. Griffith?"

The controlling feature of the will is an express gift taking effect presently upon the death of the testator of " one of each of the said shares unto each of the children of my said brother William H. Griffith, absolutely and forever." These words take the will out of the constraint of the cases in which the devise was solely contained in a direction to pay and divide. They make a vested and not a contingent gift. Standing alone they can only be satisfied by a construction that each child of the life beneficiary was intended to receive

a share, and that such share vested upon the death of the testator in each of the children then living.

Against this is the provision that upon the death of the life tenant the estate in trust is to be divided into as many shares as there shall be children of the life beneficiary living. This cannot be regarded as contemplating the children living at the death of the life tenant, since such distribution is incident to an express gift to each of the children of one of the said shares. While ordinarily the direction would require that the shares should coincide with the number of children living at the time of the division, the words " children living " are not so clear and inevitable that they must be limited to their common meaning, when such limitation would lead to the complete destruction of the absolute gift to each of the children of one of the said shares. The direction to divide is merely an incident to the gift, a mechanism for its effectuation. The dominant provision is the gift to take effect upon the death of the testator. To this the provision for division is subordinate. It is not rational that the auxiliary provision should override the principal purpose.

" When an interest is given or an estate conveyed in one clause of an instrument, it cannot be cut down or taken away by raising a doubt from other clauses, but only by express words or by clear or undoubted implication." *Freeman* v. *Coit,* 96 N. Y. 63.

This rule is generally stated in application to the ordinary form in which the question is presented, as follows: " Where an estate is given, in one part of a will, in clear and decisive terms, such estate cannot be taken away or cut down by any subsequent words that are not as clear and decisive as the words of the clause giving the estate." *Roseboom* v. *Roseboom,* 81 N. Y. 356; *Clarke* v. *Leupp,* 88 id. 228; *Camp-*

12

*bell* v. *Beaumont,* 91 id. 464; *Benson* v. *Corbin,* 145 id. 351; *Hacker* v. *Hacker,* 153 App. Div. 270.

But obviously the principle of the cases last cited must, in reason, be equally applicable where the phrases of the instrument which tend to take away or cut down a gift precede the words of gift. Especially is this true in light of the familiar rule that "where two clauses of a will are so inconsistent and irreconcilable that they cannot possibly stand together, the one which is posterior in position will be considered as indicating a subsequent intention, and will prevail unless the general scope of the will leads to a contrary conclusion." *Van Nostrand* v. *Moore,* 52 N. Y. 12; *Kurtz* v. *Wiechmann,* 75 App. Div. 26; *Matter of Randall,* 77 Misc. Rep. 41; *Matter of Lynch,* 89 id. 63.

The trust estate mentioned in the 4th paragraph of the will should be divided among the two children now surviving and the representative of the deceased child equally, and the decree of distribution will proceed accordingly.

Decreed accordingly.