EDNA GREENE HOLBROOK, Respondent, *v.* JOHN W. SHEPARD, Executor, etc., of RICHARD HENRY GREENE, Deceased, and Another, Defendants, Impleaded with ANNA SCHOONMAKER GREENE and Others, Appellants.

Second Department, March 18, 1927.

Wills — construction — devise of property to testator's son for life — will provided that after death of his son " I will it to go to my grandchildren or child if there are any living "— life tenant had two children one of whom predeceased life tenant leaving two children surviving — other child of life tenant survived him and claims entire estate — said surviving child is entitled to entire estate under will.

The testator devised his property to his son for life and provided that after the death of his son " I will it to go to my grandchildren or child if there are any living if there are none living then to my legal heirs in a legal way." The life tenant had two children living at the time of the death of the testator. One

of the children of the life tenant predeceased him leaving two children surviving. The other child of the life tenant, the plaintiff herein, claims that under the will the entire estate passed to her upon the death of her father, and that the surviving children of her brother are not entitled to any share. While it seems inequitable that the surviving children of the plaintiff's brother should be deprived of any interest in the estate, nevertheless the will must be construed as giving the property upon the death of the life tenant to his only surviving child, the plaintiff herein.

APPEAL by the defendants, Anna Schoonmaker Greene and others, from a part of an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 14th day of December, 1926, upon the decision of the court rendered after a trial at the Westchester Special Term.

*Richard T. Greene* [*Malcolm C. Law* with him on the brief], for the appellants.

*Clarence De Witt Rogers,* for the respondent.

KELLY, P. J. This appeal involves the construction of a devise contained in the will of William W. Greene, who died December 30, 1894. The will bears date March 4, 1884, ten years before the death of the testator. At the date of the will, 1884, the testator was a widower, seventy-eight years of age. He had one child, Richard Henry Greene, aged forty-five (married, his wife was thirty-eight years of age), and two grandchildren, Marshall, aged fourteen, and Edna ten. At the date of the will there were also living a sister, brothers, nephews and nieces of the testator.

At the date of the death of the testator in 1894, there survived him, his son, Richard Henry Greene, and the children of his son, Marshall W. Greene and Edna M. Greene. He was also survived by a sister and nephews and nieces.

Richard Henry Greene, the son, died on February 13, 1926. He survived his father, the testator, for thirty-two years. But during his lifetime his son Marshall, one of the two grandchildren of the testator, died, on March 23, 1921, leaving him surviving a widow and two children, Mary and Richard — both under twenty-one years of age at the date of the trial of this action.

On the death of the testator, his son, Richard Henry Greene, as life tenant and executor, went into possession of the estate, and during his lifetime, pursuant to the power given him in the will, sold and conveyed a large portion of the real estate, receiving the proceeds thereof which he retained until the time of his death.

The plaintiff in this case is Edna, the daughter of Richard Henry Greene, and the granddaughter of the testator. As above stated,

her brother Marshall died before his father, leaving a widow and two children, both of them under twenty-one years of age.

She claims that on the death of her father, the life tenant, the entire estate vested in her, under the precise words of the will, " After the death of my son R. H. Greene, I will it to go to my grandchildren or child if there are any living," to the exclusion of the children of her deceased brother.

That is the question presented on this appeal. Mr. Justice TOMPKINS decided in the judgment appealed from: " That the clear intention of the testator was that the remainder should vest in his grandchildren or grandchild who might be living at the date of the death of the life tenant, and no estate vested in the grandchild who died prior to the death of said life tenant."

The will of the testator is as follows:

" IN THE NAME OF GOD, AMEN.

" I, William W. Greene, being of sound mind but mindful of the uncertainty of human affairs do make and publish this my last will and testament and in manner following.

" 1st. After paying all my just debts and funeral expenses I give, devise and bequeath to my son Richard H. Greene for his use during his life all of my property goods and chattels of every kind both real and personal with privilege to manage the same to best of his opinion to sell, dispose or exchange as he may think best for the estate.   After the death of my son R. H. Greene, I will it to go to my grandchildren or child if there are any living if there are none living then to my legal heirs in a legal way. I hereby nominate and appoint my son R. H. Greene executor of this my last will and testament and empower him to qualify and act as such without giving bonds or security for performance of the trust.

" *In Witness Whereof* I have hereunto set my hand and seal this 4th day of March, A. D., 1884.

" WM. W. GREENE."

I am free to say that my sympathy is with the defendants, appellants.   The plaintiff's position appears to me to be inequitable and in disregard of what would appear to be the natural rights of the children of her dead brother.   I also appreciate the force of the principle that the law does not favor the disinheritance of heirs, whether of the remainderman as urged by the appellants in their points, or of a testator.   I may go as far as the appellants and say that " the Courts abhor disinheritance."

But if the will disinherits the heir, it is not for the court to make a new will.   In *Matter of Buechner*, where we affirmed the surrogate

so as to let in the heirs of a deceased brother to a share in their uncle's estate over the objection of a surviving brother (105 Misc. 175; affd., on opinion of surrogate, 188 App. Div. 894), the Court of Appeals reversed the decision of this court and said we were endeavoring to nullify the mandate of the will by the mandate of the decree.   (226 N. Y. 440, 442.)

If, as the learned trial justice said: " The clear intention of the testator was that the remainder should vest in his grandchildren or grandchild who might be living at the date of the death of the life tenant," then the question of equity and natural right and the motives of the plaintiff have nothing to do with it.   We may think the other interpretation would be more just and fair, but if the testator said otherwise in the will, we are bound by the will as executed and admitted to probate, although it may appear that had he been able to look into the future, he would have provided for these great grandchildren.

Citation of authority does not help much in these questions of interpretation of a will or whether remainders are vested or contingent.   Each will depends upon its own language.   We must get at the intention of the testator from within the four corners of the will, and, if this can be done, we are not assisted very much by considering other wills.   (*Cammann* v. *Bailey*, 210 N. Y. 19, 30; *Fulton Trust Co.* v. *Phillips*, 218 id. 573, 582; *Salter* v. *Drowne*, 205 id. 204, cited in *Snyder* v. *Snyder*, 182 App. Div. 65.)

But in the case at bar we have a decision in the Special Term, New York county, and an opinion by the learned justice there presiding construing this identical will, and holding contrary to the interpretation of the Special Term in the case at bar.   (*Greene* v. *Holbrook*, 128 Misc. 769.)   I have a great respect for the judgment of the learned justice in the case cited, and his opinion evidences careful research of all the precedents and opinions bearing on the subject.   He says in his opinion (and it was so stated by counsel on the argument) that " The will was drafted and executed by testator, a layman, without professional advice or assistance."   I do not find anything in the record before us showing these facts.   Whether they add to or simplify the problem presented to us, I am not prepared to say.   Upon the argument, I was rather impressed by the language of the will, where the testator says: " After the death of my son R. H. Greene, I will it to go to my grandchildren or child if there are any living."   The respondent argued that the word " child " evidently meant " grandchild," viz., " to my grandchildren or grandchild."   If this was what the testator meant, it would appear that the children of the deceased grandchild are out of court.   That is the way I interpreted it, and

still interpret it, and the learned justice in the case in New York county says: " Both counsel concur in the view that the words ' or child ' should be read ' or grandchild,' thus interpreting the phrase ' to my grandchildren or child ' as meaning ' to my grandchildren or grandchild.' " But as I read the learned judge's opinion, he does not accept this interpretation concurred in by both counsel. He considers it inconsistent with the words immediately following, " if there are any living." I cannot follow the reasoning of the learned judge, who sums up the situation by saying that it is clear that " some words must be supplied " (*Connelly* v. *O'Brien*, 166 N. Y. 406, at p. 409), and he solves the difficulty by saying that what the testator had in mind was to say, not " that he devised the property to his grandchildren or grandchild, but to his ' grandchildren or child of them.' " That may be one way to solve the question, but, despite my sympathy with the appellants, I cannot go that far. I do not find any concession by appellants in the case at bar that the words in the will " or child " should be read " or grandchild."

I do not see any good to be gained in adding to the length of this opinion by quoting from the opinions cited by the parties. They are referred to in the learned opinion of the court in New York county.

There are statements in appellants' points with which I cannot agree. Counsel says: " (1) The devise to the grandchildren is couched in words of present gift." I do not so read it. On the contrary, it is, " After the death of my son * * * I will it to go," etc. The same thing is repeated where counsel says, " The five words ' I will it to go ' are used with the same force and effect as ' I give, devise and bequeath.' They establish present ownership." This might be so if we could cancel the preceding words, " After the death of my son."

I think the interpretation of the learned justice at the Westchester Special Term is right and that the interlocutory judgment should be affirmed, with costs to all parties appearing, payable out of the estate.

Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

Interlocutory judgment unanimously affirmed, with costs to all parties appearing, payable out of the estate. Settle order on notice.