## Croft, Appellant, v. Chelten Trust Co. et al.

*Wills—Construction — Devise — Fee cut down by subsequent words—Sale of real estate—Distribution of proceeds—Limitation of devise—Trust—Precatory and mandatory words—"Desire"— "Wish"—Words and phrases.*

1. Such words as "desire" or "wish," generally precatory, when used in connection with an act to be done by some person named by testator, are mandatory when expressive of the intent of testator to be carried out without the intervention of another's will.

2. Where testatrix gives her real estate to her husband, except one parcel, and later in the will directs, "I also desire, should my husband wish to dispose of all the remainder of the real estate, in my name, he may do so with the provision that my daughter...... receives two-thirds of the proceeds of said sale," the daughter is entitled to two-thirds of the proceeds of whatever real estate her father sells.

Argued January 4, 1922. Appeal, No. 4, Jan. T., 1922, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., No. 410, on question of law raised by affidavit of defense, in case of Jacob R. Croft v. Chelten

Trust Co. and Alice Croft. Before Moschzisker, C. J., Frazer, Walling, Kephart and Sadler, JJ. Affirmed.

Assumpsit to recover money had and received. See 30 Pa. Dist. R. 377.

The opinion of the court below was in part as follows, by Martin, P. J.:

"Elizabeth A. Croft died seized of real estate situated in......Philadelphia. By the terms of her will she devised it thus: 'After paying my funeral expenses, I give to my husband, Jacob R. Croft, the real estate, in my name, with the exception of the property 5216 Knox Street, Germantown, which I desire sold to reimburse my daughter Ida M. Croft for notes which she holds for money advanced at various times. The remainder of the proceeds of this sale to be equally divided between my four children: Sarah Elizabeth Baker, Ida Mirlam Croft, Morris Hall Croft, Alice Croft. I also desire, should my husband Jacob R. Croft wish to dispose of all the remainder of the real estate, in my name, he may do so, with the provision, that my daughter Alice Croft receive two-thirds of the proceeds of said sale.'

A property, situated No. 5222 Knox Street, which belonged to the estate, was sold. Jacob R. Croft and his daughter Alice Croft executed the deed conveying it to the purchaser. Of the proceeds, one-third was paid to Jacob R. Croft, and two-thirds, claimed by Jacob R. Croft and also by Alice Croft, the daughter of testatrix, was deposited in the Chelten Trust Company.

Suit was instituted by Jacob R. Croft against the trust company. Upon presentation of a petition, the trust company was permitted to pay the money into court, and an interpleader was granted in which Alice Croft became a defendant.

A statement of claim was filed by the plaintiff, Jacob R. Croft, containing a copy of the will of Elizabeth A. Croft, under which plaintiff claims that the property sold was vested in him in fee, and that he is entitled to the entire proceeds of sale.

An affidavit of defense was filed by the daughter in the nature of a demurrer, raising a question of law upon the construction of the will of Elizabeth A. Croft, the intervening defendant, Alice Croft, claiming that by the terms of the will she is entitled to two-thirds of the proceeds of the sale.

In construing the will, the intention of the testator must govern.

While the gift to Jacob R. Croft of the real estate, standing alone, would carry a fee, the subsequent provision, which came into effect when he disposed of the remainder of the real estate, indicates the intention of the testator to limit the interest of her husband to one-third of the proceeds of sale. Any other construction would render nugatory the gift to her daughter Alice of two-thirds of the proceeds of the sale of the remainder of her real estate, and that portion of the will would be meaningless.

The opinion of the auditing judge of the orphans' court was in part as follows, by GEST, P. J.:

It was argued on behalf of Jacob R. Croft that he was given an absolute estate, or fee, in the residuary real estate, which was not cut down by the subsequent words, limiting the power of the devisee over the estate; but the auditing judge is not convinced by this argument. Undoubtedly Jacob R. Croft had the power to dispose of the real estate; the will expressly says that he may do so. There is no restraint on alienation. The testatrix merely expresses her "desire," that is her will, that, if he sells the property, Alice should receive two-thirds of the proceeds, and the question is, are those words expressive of desire merely precatory, or do they impress a trust on the proceeds? It will be observed that the testatrix used the word "desire" three times in her will, and, in the other two there can be no doubt that she intended a positive direction......

The auditing judge is of opinion that the testatrix intended to give Alice two-thirds of the proceeds of the residuary real estate.  The testatrix was dealing with her own property, and her intention is reasonably clear. It will be observed that she does not express a mere desire that Jacob R. Croft, if he sold the properties, should, himself, give two-thirds of the proceeds to Alice; she says that he may sell the properties with the provision that Alice receives two-thirds of the proceeds. Such words as desire or wish, generally precatory, when used in connection with an act to be done by some person named by the testator, are mandatory when expressive of the intent of the testator to be carried out without the intervention of another's will: Dickinson's Est., 209 Pa. 59.

Judgment for defendant, Alice Croft.  Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*William E. Caveny,* with him *H. James Sautter,* for appellant.

*Sheldon F. Potter,* for appellees, was not heard.

PER CURIAM, February 6, 1922:

The facts in this case are sufficiently shown by the opinion of the court below, where the right conclusion is stated, and also in the opinion of Judge GEST, on the will here involved, when before the Orphans' Court of Philadelphia County.  The excerpts from these opinions which appear in the notes of the Reporter are adopted by us.

The judgment is affirmed.