In the Matter of the Claim of HELEN M. BEMIS against ADRIAN H. LARKIN, ALBERT STICKNEY and CENTRAL HANOVER BANK AND TRUST COMPANY, as Executors, etc., of HENRY H. ROGERS, Deceased. HELEN M. BEMIS, Appellant; ADRIAN

H. Larkin and Others, as Executors, etc., of Henry H. Rogers, Deceased, Respondents.— Order of the Surrogate's Court of Suffolk county dismissing the petition of claimant, founded on an alleged agreement to pay her a pension during her lifetime, unanimously affirmed, without costs. The Statute of Frauds precludes enforcement of this alleged obligation. The executors were obligated by law to invoke that statute and were not free to waive it so as to deprive the heirs at law and beneficiaries under the will of the benefit thereof. The manner in which it was invoked was sufficient in view of the conduct of the parties on the hearing. The petitioner proceeded on the theory that she had to prove her claim as if it stood controverted. She did not seek to proceed as if upon a default. She acquiesced in the executors' adducing proof and asserting their right to raise questions of law with respect to the proof as adduced at the close of the entire hearing. If she had indicated that she was not acquiescing in the right of the executors to invoke any question of law pertinent to the showing made, an application could have been made and would have to be granted, permitting the executors to invoke, by formal pleading, the benefit of the statute. Parties by consent can indulge in practice that dispenses with resort to particular forms of pleading. This occurred on the hearing before the surrogate. It is not necessary to pass on whether or not there was a consideration for the agreement invoked by the claimant. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.