In the Matter of the Construction of the Will of JOSEPH M. GIOE, Deceased.

Surrogate's Court, Kings County, October 29, 1953.

*Edgar A. Palmieri* for John A. Gioe, petitioner.

*William J. Hogan* for Harry J. Thien and another, as executors of Joseph M. Gioe, deceased.

*Jacob Goldberg,* special guardian.

RUBENSTEIN, S. Testator's brother petitions for a construction of the will praying for an adjudication that he has the right, under the terms of the will, to purchase certain property of Brady & Gioe, Inc., at not more than the price set forth in the will.

The provisions of importance give testator's residuary estate to his trustees in trust to pay the income therefrom to his wife for life. On his wife's death, testator gives the unexpended corpus to his daughter. The present controversy arises from language in paragraph " SIXTH " of the will which, insofar as it is pertinent, gives the trustees extensive " powers ", including the " power " to retain, " in their absolute discretion," testator's investments and other properties, including, it would seem, Brady & Gioe, Inc., of which he was sole owner. The paragraph then continues: " I recommend to my Executors, however, that they take such steps as shall be necessary to effect the dissolution and liquidation of BRADY & GIOE, INC., as soon as in the discretion of my Executors, it can be accomplished to the best interests of my estate, and so far as it lies

within their power, to sell to my brother, JOHN A. GIOE, such equipment, furniture and other physical assets as he may wish to purchase, at such price as my said Executors shall, in their uncontrolled discretion, fix, such price, however, to be not more than the book value of such property on the date of my death.'' A later provision of the paragraph gives the executors and trustees power to sell any or all of testator's property at such prices as to them shall seem advisable and proper.

Preliminarily, petitioner's status to ask for a construction is challenged. It is said that his rights, if any, are not those of one who claims an interest to property under the will. '' In order to become the owner of the property he must take a deed for it from the executors, and his title to the property will be by the deed, and not by the will.'' (*Matter of Champion*, 15 N. Y. S. 768, 769; *Matter of Hauser*, 50 N. Y. S. 2d 709.) Thus, it is argued, petitioner, taking nothing under the will, may not petition for its construction. The court does not agree. The phrase, '' any person interested in obtaining a determination '', as used in section 145 of the Surrogate's Court Act, is broader than the phrase '' person interested '', as used in section 314 of the Surrogate's Court Act (*Matter of Hayden*, 199 Misc. 721; *Matter of Leahy*, 184 Misc. 250). The court holds petitioner is a person interested in obtaining a determination within the meaning of section 145.

If testator's intention may be gathered from the will that intention must be carried into effect if it be legally possible to do so. His intention is the cardinal canon of construction. Other canons, themselves mere aids employed in the search for intention, may not subvert an intention once ascertained. Here, it is conceded, testator employed a skilled and experienced attorney to marry his thoughts to his words. The very paragraph under consideration is replete with thoughts of discretion and limitations thereon. As to the executors' power to retain property and investments, testator's thought was to give them '' absolute discretion.'' Once having accepted testator's recommendation as to Brady & Gioe, his thought was to give them discretion to liquidate '' as soon as it can be accomplished to the best interests of '' his estate. His thought was to sell, on liquidation, the property specified to petitioner '' so far as it lies '' within their power, and then they were to have '' uncontrolled discretion '' to fix the price — but the same thought limits the price to not more than the book value of the property. Testator's thoughts, as expressed, are adequate for his purposes. No legal reason has been advanced why they should not

be given effect. It is evident that, once the executors had exhausted their discretion by initiating the liquidation of Brady & Gioe, they were under the legal obligation to carry out the terms of the will by offering the property specified to petitioner.

Nevertheless, it is said, testator merely recommended and did not command the sale. It may be repeated here that testator did not give this property to his widow and child. He gave it to his trustees. Addressed to them, words, precatory to others, are words of command, clothed in the language of civility (*Croft* v. *Chelton Trust Co.*, 272 Pa. 514; note, 49 A. L. R. 31). Words of recommendation in a will, where, as here, the object and subject are certain, require the court to give effect to them. Intention controls (*Tibbits* v. *Tibbits,* 19 Ves. Jr. 655; *Phillips* v. *Phillips,* 112 N. Y. 197; *Collister* v. *Fassitt,* 163 N. Y. 281; *Matter of Bluestein,* 277 App. Div. 385, affd. 302 N. Y. 760).

It is further contended that testator's entire estate was disposed of in provisions which, in the will, precede the provision in controversy and that the gifts made in the earlier provisions may not be cut down except by subsequent words as clear and decisive as those creating the gift. The words of the will itself lend no support to this contention. Paragraph " SIXTH " begins: " In the administration *of my estate* and of the trusts herein established, *my Executors* and Trustees *respectively* shall have the following powers ". In the same paragraph testator recommends the dissolution and liquidation of Brady & Gioe to his " *Executors* " and it is they who are to sell the property to petitioner. Paragraph " FOURTH ", on the other hand, gives the residuary estate to testator's " *Trustees.*" (Emphasis supplied.) The executors are not mentioned therein. The inference, clear from testator's language, is that the trustees were to take and hold the residuary estate for the purposes of the trust after administration — and testator's scheme of administration contemplated dissolution and liquidation of Brady & Gioe together with the intended sale to petitioner.

Moreover, the court does not agree with respondent's thesis that there is a necessarily hopeless conflict between the earlier provision creating petitioner's rights and the power given the executors in a later provision to sell any or all of testator's property at such prices as they deem advisable and proper. The canon of construction cited, that when two clauses of a will are irreconcilable so that they cannot possibly stand together, the one in posterior position is to prevail, is applied only as a last resort after all efforts to give any effect to the first part have become futile. So far as possible, effect is to be given to every

part of the will. Here, reading the whole will and considering its general scope and purposes, some effect has been given to both provisions as written, thereby permitting full effectuation of testator's plan (*Van Nostrand* v. *Moore,* 52 N. Y. 12; *Kurtz* v. *Wiechmann,* 75 App. Div. 26; *Matter of Randall,* 77 Misc. 41).

The court construes the provisions of the will under consideration as granting a benefit to the petitioner to purchase, under certain conditions, the physical assets of the corporation named and the executors were under a duty to offer such property to petitioner upon full compliance with such conditions. Whether, under all the circumstances, the executors failed to carry out the obligations imposed upon them is not presently before the court for determination.

Submit decree, on notice, accordingly.