Edgar F. Hazleton, S.
In this proceeding for a compulsory accounting the petitioner alleges that he is a creditor of the decedent, having earned some $5,500 by virtue of his services as a real estate broker. The executors had formally rejected
*831 this claim, and now deny the allegations in the petition and affirmatively state that petitioner is not a creditor and that an accounting cannot be ordered, since the estate tax proceeding is not completed. In essence, the answer puts in issue the status of the petitioner and the timeliness of the application.
Regarding the first issue, the executors assert they should be permitted to test petitioner’s status as a creditor upon a preliminary hearing. Petitioner argues to the ■ contrary, stating he may institute the proceeding and prove his claim upon the settlement of the account, citing Matter of Mallin (142 Misc. 520). However, it is now clear that the views expressed in the Mallín case are no longer generally accepted. In Matter of Eisenberg (279 App. Div. 868) the court held: “An allegation in a petition, in a proceeding such as this, that the petitioner is a creditor of the estate, does not in and of itself suffice to establish the petitioner’s right to maintain the proceeding as a creditor. The status of a ‘ creditor ’ is not the same as that of a ‘ person interested in the estate.’ (Cf. Surrogate’s Ct. Act. § 314, subds. 3, 10; see Matter of Leahy, 184 Misc. 250.) The learned Surrogate should have conducted a hearing and determined, upon evidence there adduced, whether the petitioner was a creditor prima facie. (Matter of Scheftel, 150 Misc. 3; see Matter of Ahrens, 270 App. Div. 1038.) ”
There is no question that the proceedings are not premature in point of time. There has been no accounting since letters were issued on May 2, 1955, and, in fact, the Surrogate may upon his own initiative order an accounting after the expiration of 15 months. (Surrogate’s Ct. Act, § 257-a.) The remedy is available to a proper petitioner seven months after the issuance of letters, and, although this court might exercise some discretion where a tax proceeding was pending and the petition for a compulsory accounting was brought soon after the seven-month period, such is not the case here.
The petition is denied. Submit order on notice.