Maximilian Moss, S.
Petitioners, children of testatrix and beneficiaries of testamentary trusts, pray that testatrix’ will be construed so as to require the trustee to make immediate distribution of marketable securities and to require an orderly liquidation of the real estate comprising the corpus of the trusts. The trustee, testatrix’ son and beneficiary of one of the trusts, on his part requests a construction which would vest him with the sole and absolute discretion as to whether to distribute or liquidate the corpus of the trusts.
By her will, testatrix established trusts with income therefrom payable during life to all but one of her children. The present controversy is engendered by paragraph “ Sixteenth ” of the will wherein testatrix stated her intention in establishing the trusts. Therein she granted the trustee, “ in his uncontrolled discretion ”, power to sell the property comprising the corpus during the lives of the beneficiaries and upon sale directed that the proceeds be paid them. She then continued, ‘ ‘ I would like to have the life tenants * * * enjoy as much of the corpus of the property during their lives as possible. However, my property in great part consists of real estate of varying values and hence it is difficult and impractical to fix a time at which such property should be sold. The property which I leave at my death is the result of many years of hard work, self-denial and sacrifice on the part of my husband and myself. It would be most unfortunate if this property were to be quickly liquidated at a sacrifice. The only way that those concerned can obtain the greatest benefit from my property is by the method which I have set up in this will. I have the utmost faith and confidence in my executor and trustee and know that he will not sacrifice *1072 my property but, in his discretion, will sell the same at such time or times as he finds it advisable and advantageous for all concerned.”
A reading of the testamentary instruments in their entirety can leave no doubt that testatrix’ only objects of her bounty were her children. They are the only income beneficiaries of the residuary trusts and in effect are the only remaindermen. There can also be no doubt that the idea and purpose dominating-testatrix’ plan in disposing of her residuary estate was concentrated in her desire to have her children ‘ ‘ enjoy as much of the corpus of the property during their lives as possible.” (Italics supplied.)
The discretion confided in her trustee was a discretion intended to be used to further testatrix’ declared purpose; not — as the trustee asks the court to find in the will — a sole and absolute discretion “ as to whether or not or when to distribute and/or liquidate the properties.” The trustee’s views cannot readily be harmonized with the basic purpose of testatrix’ plan to have her children enjoy as much as possible of the corpus of the property during their lives. The exercise of discretion accorded the trustee must be consonant Avith testatrix’ purpose and must be used so as to bring about completion of her plan to permit her children to enjoy as much of her property during their lives as possible.
As was pointed out in Scott on Trusts (Yol. 2, § 187): “ The real question is whether it appears that the trustee is acting in that state of mind in Avhich it was contemplated by the [testatrix] that he should act.” As to testatrix’ use of the term “ uncontrolled ” it may be well to point out that, while a court normally would not control the discretion conferred upon the trustee, it may compel him to exercise it Avithin the bounds of reasonable judgment, and it may interpose where he fails to use his judgment because of a mistaken aúcav, either of fact or law, as to the extent of his poAvers or duties (Matter of Brown, 345 Pa. 373; Forrish v. Kennedy, 377 Pa. 370; Matter of Gioe, 204 Misc. 1092).
The court holds that testatrix’ grant of discretion to her trustee requires him to exercise his discretion in accordance Avith the aforesaid stated purposes of her testamentary plan, and the -will is so construed.
Settle order on notice.