William J. Began, S.
An application has been made by Walter M. Block in person requesting invasion of the principal of the trust being administered by the Marine Midland Bank-Western as trustee in the above estate. Attorney Milton H. Friedman has appeared on petitioner’s behalf.
The will of the decedent was probated in this court on November 23,1936. It is apparent from that proceeding and previous proceedings in this estate that the decedent prior to his death had been quite wealthy and his estate could be expected to be sizable. Numerous bonds of municipalities and foreign countries have depreciated and/or been greatly reduced in value, as evidenced by previous accounts of executors and trustees. The trust at the present time, for the benefit of Walter M. Block, has a principal of approximately $35,000. The trust itself has no powers of invasion. During oral argument in this matter the attorney representing the trustee stated that, had there been a power of invasion, the trustee would have undoubtedly made such invasions.
The court will merely mention that in decisions of previous Surrogates, specifically one dated June 6, 1938, it was held that Walter M. Block, the life beneficiary, was vested with the remainder interest of his trust, inasmuch as the residuary following Walter M. Block’s life was null and invalid and of no force and effect. Nevertheless, out of extreme caution, this court did have cited the three living children of Walter M. Block.
The main thrust of the present petition is whether, under EPTL 7-1.6, the court will apply the principal of this trust to the income beneficiary. This section reads as follows: “ (a) Notwithstanding any contrary provision of law, the court having jurisdiction of an express trust, heretofore created or declared, to receive the income from property and apply it to the use of or pay it to any person, unless otherwise provided in the disposing instrument, may in its discretion make an allowance from principal to any income beneficiary whose support or education is not sufficiently provided for, to the extent that such beneficiary is indefeasibly entitled to the principal of the trust or any part thereof or, in case the income beneficiary is not entitled to th# principal of the trust or any part thereof, to the extent that all persons beneficially interested in the trust are adult and compe *842 tent and consent thereto in writing; provided that the court, after a hearing on notice to all those beneficially interested in the trust in such manner as the court may direct, is satisfied that the original purpose of the creator of the trust cannot be carried out and that such allowance effectuates the intention of the creator.”
Prior to and during the pendency of this proceeding the court has been deluged with correspondence, affidavits and other indications that the petitioner is and has been in need. For this reason the court is satisfied that the section of EPTL above referred to may be employed to alleviate such need. Consequently, this court holds that the principal of the trust may be invaded to the extent of $3,000 immediately and the trustee should pay to Walter M. Block the sum of $1,000 per month thereafter, to include income and principal, until the entire .trust is terminated or until other factors may prove that this decision should be altered.