Millard L. Midonick, S.
In these proceedings for judicial settlement of the final account of the trustees of the trust created under the will of Samuel Heyman, instructions are requested with respect to a claim for invasion of the principal of that trust.
The decedent died June 27, 1925 leaving a last will and testament which was admitted to probate in this court on July 13, 1925. By the terms of the will a testamentary trust for the benefit of the decedent’s wife and son provided that in the event the son died without a surviving wife or issue the corpus of the trust would be payable to a specific charitable organization. No provision for invasion of principal for the benefit of the income beneficiary is contained in the will. The son, Sidney A. Heyman, died August 27, 1971 leaving surviving neither his issue nor his wife nor the testator’s wife. As a result the entire corpus of the trust is payable to the Jewish Child Care Association (formerly the Hebrew Orphan Asylum of New York).
The claim here involved is for the sum of $5,000. It is alleged that said son of the testator had no income or support other than that which he received from the trust left by his father and that prior to May, 1971 the income was inadequate to meet the *1030 expenses for Ms care and maintenance at the nursing home where he was confined. It is further alleged that he requested Ms attorneys to make an application to this court pursuant to EPTL 7-1.6 to invade the corpus for his benefit. EPTL 7-1.6 authorizes the court to direct principal invasions of an express trust for the benefit of the income beneficiary whose support and education is not sufficiently provided for (Matter of Bloch, 69 Misc 2d 840). The remaindermen of1 the trust and the attorneys agreed to the principal invasion of $5,000 per year and by reason thereof the contemplated application was abandoned. Prior to any payments or prior to any invasion of principal, the life beneficiary died. Following the death of Sidney A. Heyman the executor of his estate filed said claim upon the surviving trustee. The Attorney-General takes the position that because he is not a signatory or party to the purported consent the same should not be paid. He further contends that the remainderman had no legal right to enter into any Consent to the invasion in the absence of a direction in the creating instrument. Moreover, he argues, even assuming the validity of a consent instrument the claim is forfeited because it was not 'asserted by the life beneficiary and there is no authority for Ms estate to make the claim. The charity opposes upon the ground that the validity of the consent is moot since no request for any invasion was made until after the death of the life beneficiary.
The real question here is not whether the intervening death of a beneficiary before a trustee had performed a direction to invade forfeits payment, but whether the court is empowered to direct any invasion in the absence of1 an express direction in the trust where the entire corpus is payable to a charitable remainderman. Prior to the enactment of EPTL 7-1.6 (formerly Personal Property Law, § 15-a; Real Property Law, § 103-a) the courts were powerless to invade a spendthrift trust for the maintenance, education or support of an income beneficiary unless the disposing instrument expressly or impliedly so provided. “ We are all agreed upon what seems to be an obvious view that if the interest of the cestui que trust in and under this trust was by statute inalienable, the prohibition of the statute could not be circumvented by any process of estoppel. If the statute prohibited alienation by the cestui que trust of his interest by direct conveyance he could not indirectly accomplish such alienation by any consent through estoppel which he might give to a conveyance by the trustee.” (Matter of Wentworth, 230 N. Y. 176,183). As heretofore noted, the statute empowers *1031 the court to direct application of principal to the income beneficiary of an express trust which contains no power of invasion. However, subdivision (d) of EPTL 7-1.6 limits the scope of the statute as follows: ‘ The provisions of this section do not apply to any trust by which a future estate is indefeasibly vested in * * * a corporation organized exclusively for religious, charitable, scientific, literary or educational purposes ”. The Practice Commentary to the section (McKinneys Cons. Laws of N. Y., Book 17 B, EPTL 7-1.6) suggests that the subdivision should have been drawn more narrowly so as to deny relief only to the extent that an invasion would diminish the charitable interest or jeopardize the charitable deduction. For example, if only a quarter of the corpus is vested in charitable remainderman there would seem to be no reason why an invasion of corpus under this section could not be limited to the three quarters vesting for noncharitable remaindermen. Given such a factual situation it may very well be that the courts would adopt the suggested statutory interpretation. However, here the charitable assocation is indefeasibly vested with the entire corpus of the trust and subdivision (d) clearly applies to this trust. Thus, notwithstanding the consent agreement, the court is not empowered to direct any invasion of principal. Accordingly, the claim is denied.