Martin B. Stecher, J.
This is a petition brought pursuant to CPLR article 78 to annul the determination of the respondents which denied medical assistance to the petitioner and for a judgment directing that her application for medical assistance be granted and approved. Following the New York City Department of Social Services determination, a fair hear *548 ing was held by a deputy of the respondent, New York State Department of Social Services, and based upon that record, the State Commissioner sustained the city department. No issues of fact arise out of that hearing and no question is raised as to whether or not the determination "is, on the entire record, supported by substantial evidence” (CPLR 7803, subd 4). The question being one of law only, the matter is properly considered in the Supreme Court and not in the Appellate Division. (CPLR 7804, subd [g].)
Mrs. Steinberg is a woman in her mid-80s, blind and infirm. She is a resident of a nursing home and seeks public assistance pursuant to section 366 of the Social Services Law. Her own estate has been exhausted on her substantial needs for care and treatment. Her only known resource is the right to the income of a testamentary trust, having principal of about $100,000, which was created by her late husband’s will. By the terms of the will, Mrs. Steinberg is entitled to all of the trust income during her lifetime. The only right of invasion granted by the will is to invade principal to the extent that Mrs. Steinberg receive not less than $300 per month. Trust income currently exceeds $500 a month. No other right of invasion is granted to the trustees.
The respondents have rejected the application because of the failure of the petitioner to apply to the Surrogate’s Court for invasion of the corpus of the trust pursuant to EPTL 7-1.6 which provides, in pertinent part, "b) Notwithstanding any contrary provision of law, the court having jurisdiction of an express trust, hereafter created or declared, to receive income from property and apply it to the use of or pay it to any person, unless otherwise provided in the disposing instrument, may in its discretion make an allowance from principal to any income beneficiary whose support or education is not sufficiently provided for, whether or not such person is entitled to the principal of the trust or any part thereof; provided that the court, after a hearing on notice to all those beneficially interested in the trust in such manner as the court may direct, is satisfied that the original purpose of the creator of the trust cannot be carried out and that such allowance effectuates the intention of the creator.” The will post dates the statute.
The petitioner’s attorneys contend that such an application would be fruitless in view of the provision of EPTL 7-1.6 (subd *549 [d]) which provides, in pertinent part as follows: "(d) The provisions of this section do not apply to any trust by which a future estate is indefeasibly vested in, or an indefensibly vested future estate may be validly appointed to, the United States or a political subdivision for exclusively public purposes; a corporation organized exclusively for religious, charitable, scientific, literary or educational purposes”. In support, the petitioner cites Matter of Heyman (74 Misc 2d 1029).
The will of the late Mr. Steinberg provides for the retention of principal in trust during the petitioner’s lifetime and, upon her death, its distribution to some 25 or 30 residual legatees. Approximately 26% of the estate in value is left to one or more "corporation^] organized exclusively for religious, charitable, scientific, literary or educational purposes.” The balance is left to individuals, largely the children of relatives and friends. Matter of Heyman (supra), p 1029 is to be distinguished from the facts of the instant case in that, under the terms of the Heyman will, the "entire corpus of the trust is payable to the Jewish Child Care Association”, presumably a charitable corporation. No case has been called to my attention which deals with a trust whose remainder is bequeathed partially to charitable and educational institutions, and partially to individuals. While the EPTL could have been more narrowly drawn to provide for the contingency, it appears that the power exists in the court having jurisdiction over the trust to accomplish both intents of the quoted statute: to provide for the needs of the income beneficiary whose support "is not sufficiently provided for” and at the same time to encourage testamentary and other gifts to religious, charitable, scientific, literary or educational institutions. Certainly, it would be possible for the Surrogate to allocate portions of the trust to the charitable organizations making available the balance of the trust, or so much as may be necessary, to the income beneficiary.
The purpose of the Social Services Law is to give "Medical assistance * * * to a person who requires such assistance” (Social Services Law, § 366, subd 1; emphasis supplied). Until a bona fide effort has been made by the petitioner to seek an invasion of the trust created for her benefit as may be permitted by law, she may not be considered a person who "requires” public assistance and the respondents, rightfully, so determined. The petition is dismissed and judgment may be entered accordingly. The petitioner, of course, may again seek *550 relief in this court should she exhaust her remedies under EPTL 7-1.6.