*465 OPINION OF THE COURT
Frederick D. Dugan, S.
The life beneficiary of this testamentary trust is a patient in the petitioner nursing home. The Department of Social Services has terminated her Medicaid benefits and the corporate petitioner on notice to the two trustees, the Department of Social Services and the remaindermen here seek a determination as to the validity, construction or effect of the testamentary trust provisions. (SCPA 1420.)
Decedent had bequeathed her intangible property, including stocks, bonds, securities, sums due on insurance policies and the like to her executors in trust for the benefit of her sister, Margaret Durry, for life with remainder to pass under the residuary clause of her will, admitted to probate on June 30, 1975.
Paragraph Fourth of the will directed that net income from this trust be paid to the beneficiary or applied for her benefit not less frequently than quarter-annually during the beneficiary’s lifetime.
Additionally, Paragraph Fourth B and C of the will make the following provisions in regard to principal of this trust:
"B. To pay to my said sister, or apply to her use, such portion of the principal as may, in their uncontrolled discretion, be helpful for her maintenance and comfort during her lifetime, taking into consideration, however, any and all other sources of support she may have. It is not my intention to provide support for my said sister, but rather to give her supplemental help.
"C. If at any time during the continuance of the trust, my Executors-Trustees are of the opinion that the termination of the trust would be in the best interests of my said sister, I authorize them, or the survivor of them, to convey to her the principal of the trust which shall thereupon terminate. The judgment of my Executors-Trustees in this manner shall be absolutely binding upon all interested persons and shall not be subject to judicial review.”
Upon the prior accounting by the executors, the corpus of this trust was determined to be $10,115.53 in the order of November 29, 1976.
The beneficiary sister was 97 years of age when this application was filed and resided at the Penn Yan Manor Nursing Home operated by the corporate petitioner. By reason of her *466 age and health condition she is physically and mentally infirm. A guardian ad litem is appointed for her.
Her expenses approximate $1,400 per month at the nursing home and had been paid by the Yates County Department of Social Services until September 30, 1977 when that department terminated further payments, advising her by a notice dated October 11, 1977 that "resources” in this trust fund far exceed the amount of $1,950 which was allowable to a person in her status to have further Medicaid benefits paid.
This petition by the nursing home alleges that the sum of $2,867 is due and payable to it for the life beneficiary’s expense in October and November, 1977. It further alleges that the nursing home is a party interested in the estate of Sabra Ross and prays for a determination of the validity, construction and effect of these trust provisions.
Notice was given to the two trustees, the life beneficiary, the residuary legatees and the Yates County Department of Social Services, all of whom appeared herein.
The trustees have filed an answer to the petition and, among other things, move to dismiss the petition on the grounds that the Penn Yan Manor Nursing Home, Inc., is not a party interested in the estate of Sabra Ross under SCPA 1420.
It is clear that the aged and infirm beneficiary would have standing before the Surrogate’s Court to seek construction of the trust. Such a determination might clarify her Medicaid status with the Department of Social Services which is here sought by the nursing home petitioner. While it is obvious that she did not do so, the reasons are equally apparent.
Petitioner’s status as a creditor of the life beneficiary would not in and of itself suffice to establish the petitioner’s right to maintain this proceeding. (Matter of Eisenberg, 219 App Div 868.) The status of a creditor of an estate is not the same as that of a "person interested in the estate”. (Matter of Walters, 5 Misc 2d 830.) It comprehends something more, one who claims some interest in the personal estate bequeathed although it is not required that the petition establish conclusively that the petitioner must ultimately and inevitably be successful on the construction. (Matter of Hayden, 199 Misc 721; Matter of Gioe, 204 Misc 1092.)
A State hospital which claimed $2,361.99 for care and treatment of decedent’s incompetent daughter who had been *467 hospitalized for 14 years was held to have standing to seek construction of the testamentary trust for her benefit in Matter of Leahy (184 Misc 250). The case is distinguished from the instant application.
In Leahy, after the hospital filed its petition, the trustee filed an accounting on notice to all creditors of the estate including the hospital. Both applications were before the Surrogate. When the trustee objected that there was no statutory authority for a creditor to compel a trustee to account or to seek construction of a will, that court held the trustee estopped to question the status of the hospital to compel the accounting by his filing his account on the petition of the hospital. That court then invoked the traditional and broad equity powers of the Surrogate to construe a will whenever necessary in a proceeding before him.
The Surrogate noted that the case was unusual in that the hospital alleged that the will indicated testator intended the trust income to be used for the daughter expressly because she was, or was likely to become incompetent, having previously found manifest the testator’s knowledge that his daughter was incompetent at the time the will was executed.
Here the petitioner is a creditor without that interest in the estate requisite to compel construction of the trust provisions of the will.
Contemplating the life beneficiary’s responsibility as an applicant for medical assistance to make a bona fide effort to seek invasion of the corpus of the trust pursuant to EPTL 7-1.6 (Matter of Steinberg v New York State Dept. of Social Servs., 90 Misc 2d 547) and considering her inability to do so limited by her age and infirmity, the court here will consider this petition as an informed and responsible application on her behalf for appointment of a guardian ad litem to determine whether or not this income beneficiary is entitled to the principal of the trust or any part thereof pursuant to EPTL 7-1.6 (subd [b]).
Under this statute, the court must initially determine if the instrument prohibits such principal invasion and whether the testatrix would have approved of such principal invasion, had she thought about it. (See Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 7-1.6.)
Upon the unequivocal language of the trust, testatrix grants her trustees the power of principal invasion "in their uncontrolled discretion” and in such amount as they determine to *468 be helpful for her support and maintenance, expressly requiring the trustees to consider any and all other sources of support available to the income beneficiary and specifying, "It is not my intention to provide support for my said sister, but rather to give her supplemental help”.
These express limitations read with the remainder bequest to the three named residuary beneficiaries clearly indicate testatrix’ intention that principal be substantially retained intact for the residual bequest and that she did not intend to provide support for her sister from trust principal.
Before exercising the discretionary power of principal invasion, the trustees are expressly required to consider other sources of support which in present times would include any statutory entitlement to Medicaid assistance by the sister or similar benefits.
The termination power under Paragraph Fourth C adds no significant dimension to the discretionary invasion power but affords the trustees a method to close the trust without judicial review by the remaindermen if in their opinion or judgment termination was appropriate. It does not vest the corpus in the sister; rather it reflects the reliance testatrix places on the discretion and judgment of her named trustees in coping with the unknown or unusual events which might arise during the term of the trust until the remainder be payable to the residuary beneficiaries.
The court holds as a matter of law that the testatrix did not intend for her sister to be supported by any payments from the trust principal and would not have approved such an allowance from principal.
The petition is dismissed.