■ In the Matter of the Estate of ARTHUR C. DAMON, Deceased. IRENE M. MATHEWETZ, Appellant; LAWRENCE J. KOLB, as Commissioner of Mental Hygiene of the State of New York, et al., Respondents.—In proceedings (1) pursuant to SCPA article 21 for an order compelling an invasion of principal under a testamentary trust pursuant to EPTL 7-1.6 and (2) for judicial settlement of an intermediate account, the trustee appeals from an order of the Surrogate's Court, Queens County, dated April 26, 1978, which, *inter alia,* (1) consolidated the proceedings, (2) ordered the trustee to invade the principal of said trust to pay reasonable past and future State hospital expenses of the income beneficiary, and (3) required the trustee to file a supplemental account as to the amount of principal and income that she will apply to said hospital expenses. Order reversed, on the law, without costs or disbursements, the application to invade the principal is denied and the matter is remitted to the Surrogate's Court for further proceedings as to the accounting not inconsistent herewith. Under the terms of a will admitted to probate in 1954, a $15,000 trust was created for the benefit of the testator's incompetent daughter. The will provided that the income of the trust was to be applied "for the benefit and well-being of my beloved daughter." The trustees were also empowered "in their absolute and uncontrolled discretion" to invade the principal of the trust "for the benefit and welfare of my said daughter in the event of critical illness, operation or need for operation or other emergency." Furthermore, the will gave the trustees the "sole discretion to determine * * * what set of facts shall constitute an emergency", and provided that their judgment shall be binding on all claimants. Due to astronomical inflation in the cost of care at the Pilgrim Psychiatric Center, where the beneficiary is, and for the last 30 years has been a patient, the trust can no longer generate sufficient income to pay the cost of such care. The surviving trustee, however, has refused to declare this situation an "emergency" pursuant to the terms of the trust and has thus resisted invasion of the corpus to pay for the care which the beneficiary has and continues to receive. Respondents, the Commissioner of Mental Hygiene and the successor committee of the person and property of the incompetent beneficiary, have requested an order compelling such an invasion of corpus pursuant to EPTL 7-1.6, which the Surrogate granted. Under the terms of EPTL 7-1.6 (subd [a]) (which applies to trusts created prior to Sept. 1, 1967), the Surrogate may order an invasion of principal of a trust for the support or education of the income beneficiary. However, in order to protect property rights of those with future interests in the trust *res,* the Legislature conditioned such power to invade upon the competent written consent of all persons beneficially interested in the trust. The trustee in this case also happens to own a remainder interest under the will

of the testator and, as such, is a person "beneficially interested". She has not consented to the requested invasion of principal and, therefore, the order of the Surrogate authorizing such invasion must be reversed. It was proper for the trustee to decide that no emergency situation exists today with respect to the beneficiary's care (see *Matter of Escher,* 94 Misc 2d 952). Unless it can be shown that the trustee abused the discretion given her by the testator, her decision must be respected (see *Matter of Clark,* 280 NY 155). Mollen, P. J., Hopkins, Titone and Shapiro, JJ., concur.