OPINION OF THE COURT
Anthony J. Ferraro, J.
Petitioner maintains this proceeding pursuant to CPLR article 78 to annul and reverse the determination of respondent Blum rendered after a fair hearing and to direct respondents to make certain payments.
The court was advised upon the argument of this application that the first affirmative defense of respondent Bates raising a jurisdictional issue was being withdrawn.
The determination sought to be annulled concluded that principal payments made on a mortgage were income to be credited to petitioner, Lena Moloshok, in computing her monthly allowance for nursing care services.
The mortgage payments were being made pursuant to a testamentary trust of which the aforesaid petitioner was the income beneficiary. The trustees of the aforesaid trust could in their sole discretion invade the principal for the *661 support, maintenance and comfort of the petitioner. However, the trustees did not elect to invade the principal but preserved the corpus for the remaindermen.
The testamentary trust gives absolute discretion to the trustees and further states that they “shall not be held accountable to any court or to any person for the exercise or non-exercise of this completely discretionary power”. Since the creator of the trust was the owner of the funds, their disposition must comply with his wishes. His direction that the discretion of the trustees be absolute cannot be invaded by the court nor anyone else. The trustees’ conduct in paying the principal into the corpus of the trust cannot be held to be either illegal, arbitrary or capricious. Implicit in their designation is a fiduciary obligation to preserve the corpus for the remaindermen. (Matter of Escher, 94 Misc 2d 952, affd 75 AD2d 531, affd 52 NY2d 1006; Matter of Damon, 71 AD2d 916.)
Assets denied to petitioner within the authorized discretion of the trustees cannot be considered assets available to her within the purview of Matter of Flynn v Bates (67 AD2d 975), relied upon by respondents.
Respondent Blum contends that petitioner may not be considered a person who requires public assistance until she has made a bona fide effort to seek an invasion of the corpus of the trust. The case of Matter of Steinberg v New York State Dept. of Social Servs. (90 Misc 2d 547) is cited in support of this contention. The Steinberg case involved a trust created subsequent to September 1, 1967, upon which date section 7-1.6 (subd [b]) of the Estates, Powers and Trusts Law became effective. This amendment gives the court statutory sanction to invade the principal of a trust. No such authority existed prior to September 1, 1967, unless the remaindermen consented thereto (EPTL 7-1.6, subd [a]). The remaindermen herein refused to give such consent. Hence petitioner was precluded from making any effort to invade the corpus of the trust.
Furthermore, the discretion of the court is limited under section 7-1.6 (subds [a], [b]) of the Estates, Powers and Trusts Law by the phrase “unless otherwise provided in the disposing instrument”. The disposing instrument *662 herein does otherwise provide and specifically precludes any interference by the court with the complete discretionary power given to the trustees.
Respondents further contend that pursuant to 18 NYCRR 360.6 (c) (2) any mortgage payments, whether principal or interest, shall be considered income. This section cannot be applied to principal payments which did not belong to petitioner. She cannot be charged for payment which she neither received nor was legally entitled to receive.
The application is, therefore, granted and the determination of respondent Blum is reversed and annulled. Respondents are directed to pay the sums improperly credited for principal payments made during the period in question.