■ In the Matter of SALVATORE L. ODDO, as Public Administrator of Nassau County, for the Estate of ALICE VAN NAMEN, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated April 21, 1978, which, after a statutory fair hearing, affirmed a determination of the local agency denying Alice Van Namen's application for medical assistance. Petition granted, determination annulled, on the law, without costs or disbursements, and the Social Services respondents are directed to provide medical assistance from the date of the application up to and including August 17, 1978. Alice Van Namen's application for medical assistance was denied upon the ground that she had not made a bona fide effort to seek the income of a testamentary trust, as well as an invasion of the corpus of this trust, which was created for her benefit by her late sister. The trust directed the trustee to pay the income to Alice Van Namen and her son Richard. In addition, the trustee was authorized to invade the principal for either beneficiary, when necessary and proper for their benefit. The issue in this case is whether the trust assets can be considered an available resource (see Social Services Law, § 366, subd 2, par [b]; *Matter of Dumbleton v Reed,* 40 NY2d 586). The trustee refused to invade the trust principal on the ground that the high cost of the nursing home in which Mrs. Van Namen resided would rapidly deplete the trust assets, leaving no money for Richard, who evidently is unable to support himself. The courts will not interfere with the trustee's decision, unless it can be shown to be an abuse of the discretion given her by the testatrix (see *Matter of Damon,* 71 AD2d 916). It is not clear whether the testatrix, if aware of the present facts, would desire to pay the immense cost of her sister's care, in preference to having society share the burden (see *Matter of Escher,* 94 Misc 2d 952, affd 75 AD2d 531; *Matter of Maul v Fitzgerald,* 78 AD2d 706). Accordingly, we decline to overturn the trustee's decision. Hence, the trust assets cannot be considered an available resource to the applicant. Medical assistance

has been provided since August 17, 1978, by court order. Assistance for the time period prior to such order should now be paid. Hopkins, J.P., Rabin, Margett and Bracken, JJ., concur.