OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In 1957, the grantor created a trust providing in part that the income be applied, as the trustees saw fit, for the support and maintenance of her daughter, and permitting the trustees “in their absolute discretion” to apply all or part of the corpus for the daughter’s support and maintenance.. After the grantor’s death, the daughter was hospitalized at Kings County Hospital for a considerable period at public expense. Appellant obtained a judgment against the daughter of $111,000 for the unpaid charges and seeks to satisfy this judgment from the trust principal, now valued at approximately $45,000.
Special Term declined to order the trustees to expend the trust funds in partial satisfaction of appellant’s judgment. It found, both from the terms of the trust indenture and from the surrounding circumstances, that the grantor did not intend to exhaust the trust principal to provide for her daughter’s hospitalization; knowing of her daughter’s disability, the grantor nonetheless made no amendment of the pertinent trust provisions, which gave the trustees discretion to determine what funds would be used for her welfare and provided for remaindermen. (See Matter of Escher, 52 NY2d 1006; Restatement, Trusts 2d, § 187.) The Appellate Division unanimously affirmed, and the affirmed findings *784 have support in the record. The trustees did not abuse their discretion as a matter of law by refusing to pay over the trust corpus to appellant.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order affirmed, with costs, in a memorandum.