■ In the Matter of the Estate of FRED STARK, Deceased. HAROLD STARK, Respondent; RITA STARK, Appellant. [650 NYS2d 259] —In a proceeding, *inter alia,* to modify a stipulation of settlement regarding the Estate of Fred Stark, the executrix appeals from an order of the Surrogate's Court, Queens County (Corrado, S.), dated August 2, 1994, which granted that branch of the petitioner's motion which was for an accounting and directed that the executrix file an intermediate account within 60 days.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the petitioner's motion which was for an accounting and substituting therefor a provision denying the petitioner's motion in its entirety, denying the petition, and dismissing the proceeding; as so modified, the order is affirmed, without costs or disbursements.

The petitioner Harold Stark was disinherited by his father, Fred Stark, who died in 1988. In 1993, Harold entered into a stipulation with his sister, Rita Stark, the executrix of their father's estate, pursuant to which he received a payment of approximately $1,500,000 and her personal guarantee of an additional payment of about the same amount upon their mother's death. In exchange for her personal guarantee, Ha-

rold expressly relinquished any interest in the estate and agreed to hold Rita harmless for her administration of the estate.

In this proceeding, Harold sought an order (1) modifying the stipulation insofar as he agreed to hold Rita harmless for her administration of the estate, (2) directing Rita to file an account, and (3) appointing a fiduciary to dispose of estate assets. The Surrogate granted the petition to the extent of ordering Rita to file an intermediate account and held the remaining relief in abeyance.

We conclude that the petition should have been dismissed, as Harold relinquished any interest in the estate, and there are no grounds for setting aside the stipulation *(see, Matter of Stark,* 233 AD2d 450 [decided herewith]). Nevertheless, the Surrogate has the authority, on its own motion, to require a fiduciary to file an account in the best interests of the estate *(see,* SCPA 2205 [1]; *see also, Matter of Walters,* 5 Misc 2d 830; *cf., Matter of Stortecky v Mazzone,* 85 NY2d 518). Based on the evidence in the record, we conclude that it was appropriate to require the executrix to file an intermediate account. O'Brien, J. P., Sullivan, Joy and McGinity, JJ., concur.