# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

940

CA 11-01676

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF THE TRUSTS FOR STEPHANIE
MCDONALD AND KELLY MCDONALD CREATED IN THE
WILL OF IGNATIUS S. LUPPINO, DECEASED.
-------------------------------------------
STEPHANIE MCDONALD AND KELLY MCDONALD,
PETITIONERS-RESPONDENTS;

IDALYNN LUPPINO MCDONALD, TRUSTEE,
RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

MEMORANDUM AND ORDER

---

BARRY J. DONOHUE, TONAWANDA, FOR RESPONDENT-APPELLANT.

KEVIN T. STOCKER, TONAWANDA, FOR PETITIONERS-RESPONDENTS.

---

Appeal from an order of the Surrogate's Court, Erie County (Barbara Howe, S.), entered December 20, 2010. The order found that Idalynn Luppino McDonald had abused her fiduciary responsibilities as trustee.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: In appeal No. 1, respondent (hereafter, trustee) appeals from an order determining that she failed to observe the terms of two testamentary trusts and abused her fiduciary responsibilities with respect to each trust and setting forth a date upon which the matter would be deemed finally submitted, whereupon Surrogate's Court would determine the affirmative relief to be granted. In appeal No. 2, the trustee appeals from an order that denied her motion for leave to renew or reargue the "conclusion [of the Surrogate] that [she] 'abused her fiduciary responsibilities.' " In appeal No. 3, she appeals from an order that, following an evidentiary hearing, removed her as trustee, bypassed the alternate trustee named in the subject last will and testament and appointed a successor trustee. In appeal No. 4, she appeals from an order that, inter alia, awarded attorney fees to petitioners in the amount of $14,600.

Petitioners, who are twin sisters, commenced this proceeding seeking, inter alia, to remove their mother as the trustee of each testamentary trust created for them by the last will and testament of their grandfather, who was the trustee's father. Petitioners were 19 years of age when the petition was filed. Petitioners' central claim is that the trustee refused to make discretionary distributions from

the trusts for payment of their college expenses and for the purchase of an automobile for each of them.

Insofar as relevant to these appeals, the trusts provide that "[t]he Trustee shall pay or apply to or for the use of each such living grandchild of mine so much of the income, accumulated income and principal of such share at any time and from time to time as the Trustee deems advisable in [the Trustee's] sole discretion not subject to judicial review, to provide for such grandchild's maintenance, support, education, health and welfare, even to the point of exhausting the same." The trusts also provide for periodic fractional distributions of principal and accumulated income when the beneficiaries reach the ages of 30, 32 and 35, at which time the trusts terminate. On the return date of the order to show cause that initiated the proceeding, the trustee appeared with counsel who served a letter response to the petition and made a representation in court that it was to be considered as the trustee's answer. No objection was raised by petitioners thereto, and we thus conclude that they "proceeded on the theory that [they] had to prove [their] claim as if it stood controverted. [They] did not seek to proceed as if upon a default" (*Matter of Bemis v Larkin*, 249 App Div 762, 763). Petitioners further waived any objection to the lack of verification by failing to reject the trustee's pleading pursuant to CPLR 3022 in a timely manner (*see Matter of Rouson*, 32 AD3d 956, 959). Thus, we conclude that the Surrogate erred in sua sponte determining that the trustee was in default in pleading and in proceeding to decide the merits of the petition as if it was uncontroverted (*see generally DiPietro v Seth Rotter*, *P.C.*, 267 AD2d 1, 2).

Turning to the merits of the orders in appeal Nos. 1 and 3, we conclude on this record that the Surrogate erred in determining in appeal No. 1 that the trustee had failed to observe the terms of the trusts and had abused her fiduciary responsibilities with respect to each trust. The Surrogate further erred in appeal No. 3 in granting affirmative relief, i.e., ultimately removing the trustee and summarily bypassing the alternate trustee named by the testator, petitioners' grandfather, in order to appoint a successor trustee not named in the will. We therefore reverse the order in appeal No. 1 and dismiss the petition, and we vacate the order in appeal No. 3 inasmuch as the petition has been dismissed. "As a general rule the courts of this State will respect and not interfere with a trustee's decision unless it can be shown that the decision constituted an abuse of the discretion given the trustee by the testator" (*Matter of Hoelzer v Blum*, 93 AD2d 605, 612). The judicial deference afforded trustees under this rule is particularly broad where the testator has manifested an intention to grant the trustee greater than ordinary latitude in exercising discretionary judgment (*see* Restatement [Third] of Trusts § 50, Comment *c* on Subsection [1]). Here, the testator manifested a clear intention to grant the trustee the greatest latitude permitted by law in exercising discretionary judgment. While the phrase used by the testator, "as the Trustee deems advisable in [the Trustee's] sole discretion not subject to judicial review," does not relieve the trustee of all accountability, it manifests the testator's clear intent to grant the trustee the broadest extended

discretion in making discretionary distributions of income and/or principal (*see Matter of Maul v Fitzgerald*, 78 AD2d 706, 707-708; *Matter of Damon*, 71 AD2d 916, 916-917; *Matter of Moloshok v Blum*, 109 Misc 2d 660, 661; Restatement [Third] of Trusts § 50).

Notwithstanding the extended discretion granted to the trustee by the testator, the exercise of the trustee's judgment in making discretionary distributions should be evaluated in light of the availability of other resources, including public benefits and the parental duty of support (*see* Restatement [Third] of Trusts § 50, Comment *e* on Subsection [2]; *Matter of Roberts [New York City Health & Hosps. Corp.]*, 61 NY2d 782, 783-784; *Matter of Escher*, 52 NY2d 1006, 1008). Here, the record establishes that the trustee, in her capacity as petitioners' parent, was the custodian of a New York 529 College Savings account for each petitioner and that the account balances were more than adequate to provide for petitioners' college expenses. We also note that the college costs of petitioner Kelly McDonald for the 2010-2011 academic year were fully paid by public benefits and that, notably, Stephanie McDonald failed to complete the necessary applications for public college benefits and tuition assistance for that academic year. We thus conclude that the trustee did not abuse the extended discretion granted to her by the testator by declining to make distributions from the trust for college costs payable through other sources or in furtherance of the desires of petitioners to purchase automobiles. While we are mindful of the friction between the teenaged petitioners and their mother, we nonetheless adhere to the sound rule that mere friction or disharmony between a trustee and one or more beneficiaries is not a sufficient ground to justify the removal of the trustee (*see Burke v Baudouine*, 190 App Div 186, 187, *affd* 232 NY 532; *Matter of Edwards*, 274 App Div 244, 247-248; *Matter of Graves*, 110 NYS2d 763, 767 [Sur Ct]). "If it were, an obstreperous malintentioned beneficiary could cause the removal of a competent trustee through no fault on the latter's part" (*Graves*, 110 NYS2d at 767).

Finally, we dismiss the appeal from the order in appeal No. 2, and we reverse the order in appeal No. 4. Insofar as the order in appeal No. 2 denied that part of the motion for leave to reargue, no appeal lies from the order (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984) and, insofar as the order in appeal No. 2 denied that part of the motion for leave to renew, the appeal is moot in view of our determination in appeal No. 1 (*see McCabe v CSX Transp., Inc.*, 27 AD3d 1150, 1151). With respect to the award of, inter alia, attorney fees to petitioners in appeal No. 4, we note that "it is well settled that a Surrogate has the discretion to order a fiduciary to pay [attorney] fees" (*Matter of Manufacturers & Traders Trust Co. [Adams]*, 72 AD3d 1573, 1574; *see generally Matter of Garvin*, 256 NY 518, 521-522), but such fees are not awarded "where there is no agreement, statute or rule providing for such fees and where the losing party has not acted maliciously or in bad faith" (*Matter of Saxton*, 274 AD2d 110, 121). In light of our determination in appeal Nos. 1 and 3, we conclude that

petitioners are not entitled to an award of attorney fees.